**Robert Donnell PARKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39192.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 13, 1966.

John M. Anderson, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Roland H. Hill, Jr., and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for rape; the punishment, fifty years.

The prosecutrix testified that after a telephone conversation with her husband, from whom she had been separated about three weeks, he came to see her about 10:30 p. m., at her brother's home where she had been staying; that they went to a drive-in restaurant where they remained until midnight and then drove to a public park; that after twenty or thirty minutes they had sexual intercourse in the rear seat, during which time she saw a man standing at the window with his face and hands pressed against it, and when she screamed her husband jumped up, "and I saw it was a Negro man"; that her husband locked both doors on the driver's side which the Negro tried to open, and while he (Negro) ran to the other side she locked those doors, and he returned to the driver's side and shined a flashlight on them; that her husband said, "We don't have any money", and the Negro replied, "I don't want your money"; that the Negro held up a gun and ordered her husband, who had moved to the front seat, to be still or he would shoot him, and the Negro broke the vent window, placed his hand inside, unlocked the door and got in the car. When the door was open the lights would come on and she (prosecutrix) got a good look at the Negro, and while testifying on this trial she identified the appellant as the man who entered the car, threatened to kill her, and placed his private parts into hers and had intercourse with her without her consent. The appellant then asked for the car keys and left the scene.

The prosecutrix was taken immediately to the hospital, and an examination by a physician revealed that her private parts had been penetrated and in which sperm was found. At 9 a. m., November 24, the prosecutrix identified the appellant in a five-man lineup at the police station as the man who had intercourse with her without her consent in the park on November 22.

While testifying, the husband identified the appellant as the man who had intercourse with the prosecutrix in the park, and his testimony is substantially the same as that of the prosecutrix.

Detective Sinclair testified that when appellant was arrested he had a small laceration on his left hand near the knuckle of the little finger.

The appellant did not testify but called one witness who identified a photograph made of the appellant at the police station on November 24, 1964. It appears from the photograph that the appellant had a moustache, while the prosecutrix testified she could not recall whether he did or not.

The record shows that this trial began June 1, 1965, the verdict was returned on June 3, 1965, and sentence was pronounced and notice of appeal given July 22, 1965.

The record also shows that the prosecutrix and her husband were divorced after the offense herein was alleged to have been committed.

It is contended that the trial court erred in making an oral charge on the law of reasonable doubt to the jury panel of about 35 prospective veniremen before the individual voir dire examination began; that the attempted definition of reasonable doubt was not correct or complete, and placed the burden of proof upon the appellant to prove his innocence beyond a reasonable doubt.

■ These contentions are not presented by formal bills of exception. Such contentions are not authorized to be presented by informal bills of exception. Art. 760e and 759a, Vernon's Ann.C.C.P.

However, it is observed that the appellant, in his brief, directed his attack to the following oral remarks to said jury panel:

"In this case, as in all criminal cases, the burden of proof is on the State to show the defendant's guilt beyond a reasonable doubt, and after all the evidence is in, if there is a doubt in your mind, a reasonable doubt, that is, a doubt based upon reason, that a reasonable man would have as to the guilt or innocence of the defendant, the law says you must re-

solve that doubt in favor of the defendant and say by your verdict, 'not guilty,' and it would be your duty to follow the law in that instance. If after all the evidence is in, the State has discharged that burden and you have found beyond a reasonable doubt that a defendant is guilty, then it is your duty to follow the law in that case."

The court in its written charge fairly and adequately instructed the jury on the burden of proof, the presumption of innocence, the credibility of the witnesses, and that they must find beyond a reasonable doubt that the appellant was guilty as charged before they could find him guilty, and then applied the law of reasonable doubt thereto.

■ From a consideration of the record, it appears that the remarks complained of were not a comment on the weight of the evidence, did not convey to the jury any opinion of the court as to the facts, and were not calculated to injure the rights of the appellant. No error is shown.

It is insisted that the state's attorney committed error during his closing argument to the jury when he said:

"Your verdict will say to the people of the State of Texas and to the people of the United States that we in Tarrant County are going to have law enforcement and we are going to send the felon to the penitentiary or the rapist to his death, or are you going to invite all the people in Dallas County, Wichita County, McLellan County and anywhere else to come into our area.

\* \* \* \* \* \*

It is just as clear as it can be. The facts are as simple as they can be. The whole case is just as simple that there can be no other conclusion except as to the guilt of this defendant, and I want to say to you once again, picture yourself witnessing the rape of one of your loved ones. Picture yourself under those circumstances."

These arguments, when considered in light of the facts and circumstances shown by the evidence and in connection with the preceding arguments, were nothing more than a plea for law enforcement, and were reasonable deductions within the scope of the evidence and the jury arguments previously made. No error is presented. Jones v. State, 153 Tex.Cr.R. 345, 220 S.W.2d 156; Guajardo v. State, Tex. Cr.App., 363 S.W.2d 259.

Complaint is also made of state's counsel's jury argument that if you saw a loved one raped "do you think for one minute when you open your eyes you still won't see the sight of that black face right there." No objection was made at the trial to this argument. However, there is evidence that the appellant, a Negro, forcibly had intercourse with the prosecutrix, a wife, while the husband was present.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.