Chester F. READ, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–193–CR.

Court of Appeals of Texas,
Beaumont.

April 5, 1989.

David L. Allen, Lufkin, for appellant.

Art Bauereiss, Clyde M. Herrington, Lufkin, for appellee.

## OPINION

BROOKSHIRE, Justice.

The Appellant was indicted for intentionally and knowingly causing the penetration of the vagina of a child, who was not the spouse of the accused, with the accused's own sex organ. Appellant pleaded not guilty; trial was by a jury that found the Appellant guilty of aggravated sexual assault. The jury sentenced the Appellant to forty-five years confinement in the Texas Department of Corrections.

The Appellant's trial attorney was a different one from his appellate attorney. The trial attorney for the accused had Mr. Read fill out a pauper's oath for an appeal in the middle of May, 1987, but the trial attorney did not file the said oath until long after the time allowed for notice of appeal. In December of 1987, the appellate attorney was appointed by the court to represent the accused in appellate efforts. A writ of habeas corpus was filed. The Court of Criminal Appeals granted the Appellant an out-of-time appeal.

■ The first point of error is that the trial court erred in submitting a charge to the jury which did not contain the submission of a charge on a lesser-included offense. The record is clear on several crucial points. Mr. Read admitted that he had sexual relations with the complaining witness. He admitted that, at the time, she was thirteen years of age. Appellant argues that he was entitled to a submission on *TEX.PENAL CODE ANN. sec. 21.11* (Vernon 1989) "Indecency with a Child". Indecency with a child can be considered a lesser-included offense of aggravated sexual assault of a child.

The Appellant reposes major reliance in *Goodin v. State*, 726 S.W.2d 956 (Tex.App. —Fort Worth 1987), *aff'd* 750 S.W.2d 789 (Tex.Crim.App. en banc 1988). It is true that, in affirming the Fort Worth Court of Appeals, the Court of Criminal Appeals disapproved of certain language. Nevertheless, the Court of Criminal Appeals reasoned in *Cordova v. State*, 698 S.W.2d 107 (Tex.Crim.App.1985) that, in determining whether an accused is entitled to a charge on a lesser-included offense, a reviewing court will consider all the evidence presented at trial.

■ A two-prong test is to be applied. The first prong requires that the lesser-included offense must be included within the proof necessary to establish the offense charged in the indictment. Secondly, there must be some evidence in the record that, if the defendant or the accused is guilty at all, then he is guilty of only the lesser offense. *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985). In the appeal at bar, we conclude that the second prong of the test has not been complied with by the Appellant. In view of the accused's admissions and in view of the record, we conclude that the Appellant was guilty only of the offense with which he was charged and tried. There is a total dearth of evidence in the record that the Appellant might be guilty of only the lesser-included offense of indecency with a child. *Aguilar v. State, supra.*

■ The Appellant's next two points of error advance the proposition that the trial court erred in admitting testimony concerning extraneous offenses and that these extraneous offenses should not have been argued by the State's attorney during the

punishment stage. The evidence included a tape recording made of a conversation between the accused and a psychologist who was working as a counselor for the victim. The only objection that was made to this tape was that the accused had not been warned that it would be used against him. It is admitted and clear that this conversation was not the results of any custodial interrogation because of the controlling fact that the accused was not in custody. He had voluntarily approached the psychologist. The psychologist was counseling the victim. The psychologist testified the Appellant sought him out and came to the psychologist's office. The counselor also said that the Appellant said "he would not mind at all" to making a tape recording of their conversation. The psychologist further stated that the tape recorder was on his desk in open view and that the Appellant was aware of the recorder and of the recording and Appellant agreed again to the making of the tape. The psychologist was not a law enforcement officer; nor was he connected to a law enforcement agency.

· The tape shows that the position taken by the Appellant with the psychologist was that the complainant was the aggressor in these sexual episodes. However, it was clear that the complainant was thirteen years of age. It is also clear that the Appellant volunteered the information concerning these extraneous offenses with the complainant and with another young person to justify or partially justify his actions —at least to excuse his actions.

The objection made was that the accused was not advised that the tape recording would be used against him. Under the record, we decide that the trial court committed no error—certainly not reversible error. The trial court was not apprised that the accused desired to object on the grounds of "extraneous offenses."

■ There is yet another reason to overrule points of error two and three. If only a part of a string or strain of evidence offered is admissible, then the Appellant must point out and object with specificity as to the inadmissible portions. This rule applies to the tape recording. This was simply not done. *See Hernandez v. State,* 599 S.W.2d 614 (Tex.Crim.App.1980, opinion on rehearing); *Ellard v. State,* 509 S.W.2d 622 (Tex.Crim.App.1974). Offenses against the law do not transpire in a vacuum. The trier of facts needs to know the surrounding circumstances. Thus, when a declaration, conversation, detailed act or acts, writing or recorded statement, is proffered in evidence, then any other act or acts, declarations, writing or recorded statement, which are reasonably necessary to make the same fully understood or to reasonably explain the same, may also be given in evidence. *TEX.R.CRIM.EVID. 107.*

■ Furthermore, during cross-examination when the State was asking the Appellant about having sex with a thirteen-year-old girl, *he volunteered that he had had sex with her sister who was about sixteen years old.* He brought up, by way of a nonresponsive answer, the extraneous offense. If such evidence of extrinsic matter (being extraneous offenses) has been offered at another stage of the proceeding, then any error in the admission of such extraneous offenses is waived. *Boles v. State,* 598 S.W.2d 274 (Tex.Crim.App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex. Crim.App.1978). Any error in admitting the testimony relevant to the extraneous offenses was certainly waived because it was not objected to by proper objection and, also, because Read virtually blurted them out. *Von Byrd v. State,* 569 S.W.2d 883 (Tex.Crim.App.1978). Since this evidence was before the jury, the State's attorney had the right to argue the record to the jury.

The arguments, as shown by the record in the present case, are distinguishable from certain cases cited by the Appellant. This distinction is highlighted by examining the rationale in *Klueppel v. State,* 505 S.W.2d 572 (Tex.Crim.App.1974). In *Klueppel, supra,* the Court held that it was improper for the prosecutor to ask the jury to add more years to the penalty assessed for the crime charged, arguing for additional penalties for the extraneous offenses, them-

selves. In *Lomas v. State,* 707 S.W.2d 566 (Tex.Crim.App.1986), the Court reasoned that, in another case, being *Brown v. State,* 530 S.W.2d 118 (Tex.Crim.App.1975), the surrounding facts and circumstances of the principal offense on trial demonstrated that that defendant had entered a convenience store and robbed the complainant. Along with that robbery, the defendant there had robbed two other persons. During the argument at the punishment stage the State asked the jury to give that defendant, in the *Brown* case, thirty years because the argument went, in substance, "you've got three people that were robbed ... *Now that would be ten years for each* robbery." [Emphasis theirs] The Court, reaffirming *Klueppel, supra,* held that the State's argument had gone beyond the bounds of asking the jury to consider the circumstances surrounding the offense in fixing the punishment for the offense actually on trial. Instead, the State had specifically asked the jury to punish the Appellant for two additional, separate crimes, thereby arguing for adding on or tacking on more years. We do not view the argument in our case to be governed by the reasoning in *Brown, supra, Klueppel, supra,* and *Lomas, supra.* The State, here, did not ask the jury to assess additional years of punishment for the extraneous offenses. We overrule grounds of error 2 and 3.

The last point of error is that the Appellant did not receive effective assistance of counsel at the trial of this felony as a matter of law, citing only the Sixth Amendment to the United States Constitution. One of the major complaints is that the accused's trial counsel should not have placed the accused on the stand. But it may have been the accused's desire to take the stand. The counsel afforded to the defendant need not be errorless and the judgment of the trial counsel should not be passed upon by way of hindsight. *Herring v. Estelle,* 491 F.2d 125 (5th Cir.1974).

■ Appellant contends that he lacked effective counsel because no objections were made to certain parts of the State's summation. We disagree. The prosecutor's argument, which is set out in Appellant's brief, is not dissimilar to arguments which have been previously approved. *See Parks v. State,* 400 S.W.2d 769 (Tex.Crim. App.1966). The following argument was not error in *Parks, supra,* at 771:

> "... [P]icture yourself witnessing the rape of one of your loved ones. Picture yourself under those circumstances."

We find this part of the State's argument in *DeBolt v. State,* 604 S.W.2d 164 (Tex. Crim.App.1980), at 169:

> "What I'm mainly concerned with is that he is not out among the public, living next door to me or next door to you or to anybody else.
>
> "DEFENSE: I'll object, Your Honor, that's a prejudicial, inflammatory statement."

The objection was overruled. One of the grounds for affirming the judgment was that that argument was a proper plea for the enforcement of the law. *See Nichols v. State,* 504 S.W.2d 462 (Tex.Crim.App.1974). We overrule the Appellant's points of error and we affirm the judgment and sentence below.

The dissenter concedes that the counsel's services and actions are to be judged by the totality of the representation and that successful challenges must be solidly founded. The entirety of the representation in this case necessarily includes the relevant and material, voluntary and desired, actions of the accused, himself. We affirm that an appellate court is not to "second-guess", in hindsight, the stratagems of trial counsel. The accused's trial attorney, of course, participated in the selection of the jury which gave him superior knowledge concerning the characteristics, attitudes and philosophies of the members of the jury. Hence, he was in a superior position to appraise the species of evidence that would be effective with that jury; we are not. The accused's contention was that the young girls involved were the initiators and even the aggressors in the sexual episodes.

The dissenter desires to reverse the judgment and remand the entire case. This writer, however, would at least give trial counsel a reasonable chance to explain and defend his acts and strategies.

Texas should institute the salutary procedure of what might be called a unity (or

unitary) type of appeal or single appeal. Such a beneficial practice would allow the challenged and attacked trial counsel to explain his conduct of the trial and would then, subject to cross-examination, place the reviewing court in a position to have a much superior and complete record before it, which record would reflect the whole truth on this point.

Under the present practice, as urged by this Appellant, who has a new and different attorney for appellate purposes only, the trial counsel is left defenseless and without a chance of explanation and we have, probably, a one-sided record before us, bereft of any explanation or statement from the trial counsel in answer to the devastating attacks made upon trial counsel by the appellate counsel. We should adopt such a beneficial and helpful procedure in our appellate district and the Court of Criminal Appeals should adopt such a procedure state-wide.

We agree with the dissenter that we should not "second-guess" trial counsel but, rather, we should hear his side of the charge *that he was an ineffective counsel to the extent that he committed unprofessional errors which were, in reasonable probability, harmful on the issue of punishment.*

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's resolution of the point of error alleging ineffective assistance of counsel. The majority does not address appellant's complaints that the failure to object to the admission of the tape recording based upon extraneous offenses rendered the assistance of counsel ineffective.

To demonstrate ineffective assistance of counsel, appellant must show (1) counsel's assistance was not reasonably effective and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Moore v. State*, 700 S.W.2d 193, 205 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986); *Strickland v. Wash-*

*ington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

Counsel's services are to be judged by the totality of the representation and challenges will be sustained only if firmly founded. *Cude v. State*, 588 S.W.2d 895, 896 (Tex.Crim.App.1979). The record must affirmatively demonstrate counsel's ineffectiveness; an appellate court is not in a position to "second guess" through hindsight the strategy adopted by counsel at trial. *Yeager v. State*, 658 S.W.2d 639, 641 (Tex.App.—Beaumont 1983, pet. ref'd). However, if from the entire record it is apparent the defendant did not receive effective assistance of counsel, an appeals court should not hesitate to so hold. *See Cude*, 588 S.W.2d at 896.

The extraneous offenses were not admissible under the exceptions set out in *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim.App.1972) or the balancing test of *Robinson v. State*, 701 S.W.2d 895 (Tex. Crim.App.1985). Further, as the majority opinion recognizes, the introduction of these extraneous offenses allowed the state to then argue them on the issue of punishment. The failure to object to the extraneous offenses satisfies the first prong of the *Moore* test: counsel's performance was not reasonably effective.

Under the second prong of the *Moore* test, there must exist a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. This may be shown when the introduction of extraneous offenses will be harmful on the issue of punishment. *Cf. Holley v. State*, 582 S.W. 2d 115 (Tex.Crim.App.1979). Certainly the number of sexual assault victims is a factor a jury would consider in determining an appropriate punishment. As a general rule, the punishment will (and should) be harsher for a multi-offender.

I would hold that appellant did not receive effective assistance of counsel and would reverse and remand.