Affirmed and Opinion filed June 20, 2002









Affirmed and Opinion filed June 20, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00674-CR

____________

 

ALFRED LEE MARTINEZ,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 23rd District Court

Brazoria County, Texas

Trial
Court Cause No. 36,102

 



 

O
P I N I O N

Appellant,
Alfred Lee Martinez, was convicted by a jury of two counts of aggravated sexual
assault of a child and one count of indecency with a child.  The jury assessed punishment at five years
confinement for each of the aggravated sexual assault counts and ten years
probation for indecency with a child.  In
six issues, appellant contends (1) the trial court erred in allowing trial to
proceed on multiple alleged causes arising from separate episodes; (2) the
court erred in running the sentences consecutively; and (3) his trial counsel
was ineffective.  We affirm.








I.  Proper Joinder of Offenses

In his first issue,
appellant contends that joinder of multiple offenses in a single indictment
prevented a fair trial and proper sentencing. 
Appellant=s trial
counsel, however, failed to object or otherwise raise this issue in the trial
court.  Article  1.14(b) of the Texas Code of Criminal
Procedure provides:

If
the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on
the merits commences, he waives and forfeits the right to object to the defect,
error, or irregularity and he may not raise the objection on appeal or in any
other post conviction proceeding.

Tex. Code Crim. Proc. Ann.
art. 1.14(b) (Vernon Supp. 2002); see also Sanchez v. State, 928 S.W.2d 255,
257 (Tex. App.CHouston [14th Dist.] 1996, no pet.) (holding art. 1.14(b)
requires objection to preserve alleged misjoinder error); Anderson v. State,
905 S.W.2d 367, 369-70 (Tex. App.CFort Worth 1995, pet. ref=d) (same).  We therefore
find that appellant has waived this complaint.

Furthermore,
even if the appellant had not waived his right to object on appeal, the
offenses were properly joined.  Article
21.24(a) of the Texas Code of Criminal Procedure allows the joinder of two or
more offenses in a single indictment if the offenses arise out of the same
criminal episode.  Tex. Code Crim. Proc. Ann. art.
21.24(a) (Vernon 1989).  The Penal Code
defines Acriminal
episode@
as:

            [T]he commission of two or more offenses,
regardless of whether the harm is directed toward or inflicted upon more than
one person or item of property, under the following circumstances:

(1)  the offenses are committed pursuant to the
same transaction or pursuant to two or more transactions that are connected or
constitute a common scheme or plan; or

(2) the offenses are the
repeated commission of the same or similar offenses.  

Tex. Pen. Code Ann. '
3.01 (Vernon 1994).








The
appellant was charged in the
indictment with two counts of aggravated sexual assault and two counts of
indecency with a child.  All four counts
involve sexual acts directed at young boys, and all occurred in the same
trailer park.  Indecency with a child is
a lesser included offense of aggravated sexual assault.  Read v. State, 768 S.W.2d 919, 920 (Tex.
App.CBeaumont
1989, pet. ref=d).  The two offenses are
therefore similar.  Howell v. State,
795 S.W.2d 27, 28 (Tex.
App.CEl Paso
1990, pet. ref=d) (holding that indecency with a child and sexual assault of a
child are similar offenses under section 3.01). 
That the acts were committed at different times is of no bearing on the
similarity analysis.  See Guidry v.
State, 909 S.W.2d 584, 585 (Tex. App.CCorpus Christi 1996, pet. ref=d) (finding that A[s]ection 3.01(2) does not impose a time differential between
the commission of the same or similar offenses.@).  Because the offenses
were the repeated commission of the same or similar offenses, they arose out of
the same Acriminal episode@ and were properly joined. 
Appellant=s first issue is overruled.

II.  Ineffective Assistance of Counsel

In
issues two, five, and six, appellant contends his counsel was ineffective in:
(1) failing to move for a severance of the offenses; (2) failing to allow the
appellant to testify on his own behalf; and (3) failing to request a limiting
instruction on extraneous acts and the consideration of multiple charged
offenses in a single trial.








To
prevail on a claim of ineffective assistance of counsel, the appellant must
establish: (1) that his lawyer=s performance fell below an objective standard of
reasonableness and (2) that there is a reasonable probability the result of the
proceeding would have been different but for counsel=s
deficient performance.  Mallett v.
State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001) (citing  Strickland v. Washington, 466 U.S.
668, 687 (1984)).  The review presumes
defense counsel=s actions were reasonable. 
Id. at 63.  AAny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim.
App. 1999). 
When the record is silent as to defense counsel=s
motivations for making a tactical decision, the appellant usually cannot
overcome the presumption of reasonableness. 
Mallett, 65 S.W.3d at 63. 
In the majority of cases, the record will not adequately reflect the
motives behind defense counsel=s actions.  Id.[1]

A.  Severance

In
his second issue, appellant argues that his trial counsel was deficient in
failing to file a motion for severance of the offenses.  However, the charges against appellant were
for indecency with a child and aggravated sexual assault of a minor; therefore,
in order to obtain a severance as a matter of right, appellant would have had
to show that he would have been unfairly prejudiced by a single trial.  See Tex.
Pen. Code Ann. ' 3.04(c) (Vernon Supp. 2002); Prudhomme v. State, 47 S.W.3d 683, 691 (Tex. App.CTexarkana 2001, pet. ref=d).  The record does not reflect counsel=s
strategy in making the decision to not seek a severance.  See Mallett, 65 S.W.3d at 63.  Counsel may simply have decided that he would
not be successful in arguing unfair prejudice.  
See Prudhomme, 47 S.W.3d at 691.  When severance is not available as a matter of
right, the failure to seek such relief is nothing more than a tactical
decision.  Cf. United States v. Garza,
563 F.2d 1164, 1166 (5th Cir. 1977) (under Federal Rules of Criminal
Procedure); Woods v. State, 998 S.W.2d 633, 635-36 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (in context of severance between co-defendants, not
severance of offenses).  Because the
record is silent as to defense counsel=s rationale for not seeking a severance, we cannot judge the
validity of that decision.  See Stults v. State, 23 S.W.3d 198, 209 n.6 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Accordingly, appellant has failed to meet his
burden of showing that his lawyer=s performance fell below an objective standard of
reasonableness.  See Mallett, 65
S.W.3d at 62-63.  His second issue is
overruled.

 

 








B.  Testimony

In
his fifth issue, appellant contends that his counsel was deficient because he
did not allow appellant to testify. 
Appellant cites no authority in support of this contention and provides
no analysis of the evidence.  Appellant
simply argues: A[U]nder the facts and circumstances of the instant case, it
would be foolharded [sic] to think that any defendant would have even a remote
chance of acquittal without taking the stand in his own behalf.@  Conclusory statements unsupported by argument
or authority are inadequately briefed, and thus are waived.  Vasquez v. State, 22 S.W.3d 28, 31
(Tex. App.BAmarillo 2000, no pet.); Lockett v. State, 16 S.W.3d
504, 505 n.2 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d); see also Tex.
R. App. P. 38.1(h) (AThe brief must contain a clear and concise argument . . . with
appropriate citations to authorities and to the record.@).  Additionally, the record does not reflect
counsel=s
strategy in making this decision.  See
Mallett, 65 S.W.3d at 63.  There are
a number of reasons why it might not be in the best interest of a defendant to
testify. For example, if a Defendant testifies, his testimony might reveal
prior convictions.  Also, some Defendants
make poor witnesses.  Because the record
is silent as to defense counsel=s rationale in not calling his client as a witness, we cannot
judge the validity of that decision.  See Stults, 23 S.W.3d at 209 n.6.  Appellant=s
fifth issue is overruled.

C.  Limiting Instruction

In
his sixth issue, appellant contends that defense counsel was deficient because
no limiting instruction was requested to advise the jury that they must
determine culpability for each charged offense separately, without
consideration of the other charged offenses. 
The record reflects that trial counsel did request and receive a
standard limiting instruction regarding extraneous acts; however, no
instruction was requested concerning the consideration of charged offenses.








Although
appellant cites two cases concerning the propriety of a standard instruction on
extraneous offenses, he fails to cite any cases supporting his contention that
an additional, similar instruction is necessary when multiple offenses are
tried together.  In failing to provide
any support for his contention that the instruction at issue would have been
proper, appellant has not met his initial burden to demonstrate that counsel=s
representation was not reasonable under prevailing norms.  See Perez v. State, 56 S.W.3d 727,
730-31 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).[2]

Furthermore, the record is silent as to whether counsel had
any strategic motives for not requesting the instruction, such as to prevent
juror confusion or a belief that the extraneous offense issue was sufficiently
covered by the charge as presented to the jury. 
We therefore decline to speculate on counsel=s motives.  See Stults, 23 S.W.3d at 209 n.6.  In sum, appellant has
failed to rebut the presumption that counsel=s actions were reasonable. 
Accordingly, appellant=s sixth issue is overruled.

III.  Concurrent Sentences








In
his third and fourth issues, appellant claims that his sentences of confinement
on counts one and two (aggravated sexual assault) should run concurrently
rather than consecutively with his probated sentence on count four (indecency
with a child).  Appellant has apparently
misread the record.  The AFelony
Supervision Order@ shows that appellant=s ten year probated sentence on count four began on April 17,
2001, which is the same day the sentencing document states his confinement
sentence began on counts one and two. 
Furthermore, the trial judge stated in his oral pronouncement of
sentence that the sentences were to be concurrent and not stacked, and the
written judgment states AConcurrent Unless Otherwise Specified.@  As appellant=s sentences are, in fact, concurrent, appellant=s
third and fourth issues are moot.[3]

The
judgment of the trial court is affirmed.

 

 

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

 

 

Judgment rendered and Opinion filed June
20, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).











[1]  The record
regarding the effectiveness of counsel is best developed through an application
for a writ of habeas corpus or a motion for new trial.  Jensen v. State, 66 S.W.3d 528, 542 (Tex.
App.CHous. [14th Dist.] 2002, no pet.) (citing Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)).





[2]  The State=s brief indicates that it did not find any cases
authorizing such an instruction, and our research has likewise revealed no such
cases.  We refuse to find counsel
ineffective for failing to anticipate a future decision.  See Ex parte Welch, 981 S.W.2d 183,
185 (Tex. Crim. App. 1998).  A defendant
is entitled to reasonably effective counsel, not perfect counsel judged by
hindsight.  Perez, 56 S.W.3d at
730.  We take no position as to whether
such an instruction would have been appropriate if requested.





[3]  Appellant also
contends that he improperly received two separate judgments and two separate
sentences.  Because the only harm he
identified is the consecutive running of his sentences and we have determined
that his sentences run consecutively, this sub-issue is also rendered moot.