

# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-24-00196-CR

Roscell **HINES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 22-0495-CR-B
Honorable Daniel H. Mills, Judge Presiding

Opinion by:     H. Todd McCray, Justice

Sitting:        Irene Rios, Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: August 27, 2025

AFFIRMED

Pro se appellant, Roscell Hines, was convicted by a jury of driving while intoxicated. On appeal, he contends (1) the trial court erred in denying his motion to suppress because the arresting officer lacked reasonable suspicion to initiate a traffic stop; (2) the trial court erred in denying his motion to suppress blood evidence because the supporting affidavit for the search warrant was defective; and (3) the trial court made improper comments on the weight of the evidence. We affirm the judgment of the trial court.

**BACKGROUND**

On July 30, 2021, at approximately 11:30 p.m., Officer Isak Moebius was patrolling when he encountered a sedan parked just to the right of the white fog line on the shoulder of the road. The road was frequently travelled, but in a rural and unlit area. Officer Moebius testified that this was an unusual place for a vehicle to be stopped at such a late hour in the evening. The vehicle did not have its hazard lights on, but the headlights were on and the car was running. Concerned for the safety of the occupant, Officer Moebius pulled onto the shoulder of the road and parked behind the vehicle. He activated his rear strobe lights to alert oncoming traffic, and he activated his front spotlight to illuminate the vehicle and the area in front of him. As the officer exited his patrol car and approached, the vehicle's brake lights lit up and, without signaling, it sped forward into the lane of travel.

Officer Moebius returned to his patrol car, activated his lights and siren and followed the vehicle. The vehicle was travelling at a high rate of speed and then crossed the center line and drifted into the opposite lane of travel. The vehicle continued along the center line and then came to an abrupt halt in front of the patrol car, causing Officer Moebius to have to take evasive action to avoid a collision. Officer Moebius exited his patrol car with his gun drawn and ordered the occupants to exit the vehicle. After several such commands, Appellant Roscell Hines exited the vehicle alone. The officer instructed Hines to put his hands in the air and walk backwards toward him. As Hines did so, the officer noticed that he stumbled and swayed. The officer began speaking with Hines and noticed continued swaying, slurred and confused speech, and the odor of alcohol on his breath. Officer Moebius conducted standard field sobriety tests and determined that Hines was not in control of his mental or physical faculties. He placed Hines under arrest for driving while intoxicated.

Hines was transported to the Guadalupe County Jail where he agreed to give a breath sample to determine his blood-alcohol level. When Hines could not give a conclusive breath sample, he was transported to the Guadalupe Regional Medical Center for a blood test, which revealed a blood alcohol level of .250.

Hines was indicted for felony driving while intoxicated and unlawful possession of a firearm by a felon. Hines chose to represent himself at trial. He filed numerous pre-trial motions, including a motion to suppress and a motion for a *Frank's* hearing. The trial court denied his motions and the case proceeded to trial. A jury found Hines not guilty of the gun charge and guilty of driving while intoxicated. He was sentenced to 36 years in prison. Raising three points of error, Hines appeals the conviction.

## DISCUSSION

A. Motion to Suppress

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard. *State v. Espinoza*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023); *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). When the trial court does not file findings of fact, we assume that the trial court made implicit findings that support its ruling, so long as those implied findings are supported by the record. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We give almost total deference to the trial court's factual determinations and review *de novo* the trial court's application of the law to the facts. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). "The evidence and all reasonable inferences are viewed in the light most favorable to the trial court's ruling, and the trial court's ruling must be upheld if it is reasonably supported by the record and is correct under a theory of law applicable to the case." *Espinoza*, 666 S.W.3d at 667 (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)).

1.  Reasonable Suspicion

In his first point of error, Hines argues that the trial court erred in denying his motion to suppress evidence obtained after the traffic stop because the officer lacked probable cause to make the arrest. However, Hines's arguments, both in the trial court and on appeal, focus on the reasonableness of the initial traffic stop and not the arrest. We will therefore construe Hines's contentions as a complaint regarding the stop.

The Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution permit a warrantless detention, such as a traffic stop, if the detention is justified by reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 28, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). A law enforcement officer's reasonable suspicion must be based on specific, articulable facts that, in the light of his experience and the totality of the circumstances, would lead him to reasonably suspect criminal activity. *Terry*, 392 U.S. at 28 (1969); *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010). The totality of the circumstances may raise reasonable suspicion even if those circumstances standing alone may be consistent with innocent activity. *Kerwick*, 393 S.W.3d at 273–74 (citing *York v. State,* 342 S.W.3d 528, 536 (Tex. Crim. App. 2011).

In this case, Officer Moebius testified that it was unusual for him to discover a vehicle, with its headlights on, parked on an unlit rural highway late in the evening. Because of this, he stopped to investigate. Officer Moebius testified that he pulled behind the car to see if the occupants needed assistance. Hines argues that Officer Moebius' stop was unreasonable because he was legally parked and exhibited no signs of distress. Hines relies on *Gonzales v. State,* 369 S.W.3d 851 (Tex. Crim. App. 2012), to support his argument that the officer's actions did not meet community caretaking standards. We find *Gonzales* inapplicable.

As discussed in *Gonzales*, the community caretaking function operates as an exception to the Fourth Amendment, allowing an officer to conduct a seizure in an effort to assist an individual in need of help. *Gonzales*, 369 S.W.3d at 854; *see Wright v. State*, 7 S.W.3d 148, 152 (Tex. Crim. App. 1999) (recognizing community caretaking function in Texas as exception to search and seizure rules). It is therefore not applicable where no detention or seizure has taken place. *See State v. Velasquez*, 994 S.W.2d 676, 678 (Tex. Crim. App. 1999 (noting a law enforcement officer's mere approach to ask a question or even request a search does not require justification).

When Officer Moebius stopped to investigate Hines's vehicle, he illuminated the vehicle and exited his patrol car before Hines drove away. Officer Moebius' use of a spotlight to illuminate the area did not constitute a detention. *See Crain*, 315 S.W.3d at 51 (use of spotlight alone is not sufficient to transform an encounter to a detention); *Hernandez v. State*, 376 S.W.3d 863, 872 (Tex. App.—Fort Worth 2012, no pet.) (use of spotlight alone is not enough to lead a reasonable person to think he is not free to leave). Officer Moebius did not block Hines's vehicle, did not issue a command, and did not activate his front strobe lights. *See Johnson v. State*, 414 S.W.3d 184, 193-94 (Tex. Crim. App. 2013) (finding detention where officer shined spotlight, blocked appellant's car, used a loud authoritative voice and demanded identification); *State v. Garcia-Cantu*, 253 S.W.3d 236, 244-49 (Tex. Crim. App. 2008) (finding detention where officer boxed in appellant's vehicle, shined flashlight in appellant's eyes, questioned appellant and asked for identification). Accordingly, we find the interaction between Officer Moebius and Hines on the side of the road was not a detention but a consensual encounter raising no Fourth Amendment concerns. *See Johnson*, 414 S.W.3d at 191.

Once Officer Moebius exited his patrol car, however, Hines put his vehicle into gear and sped away. Hines's immediate departure upon the officer's approach is a pertinent factor to be

considered in evaluating reasonable suspicion. While flight alone is insufficient to justify an investigatory detention, it is a recognized factor to be considered in a reasonable suspicion analysis. *See Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (noting "flight is not necessarily indicative of wrongdoing, but it is certainly suggestive of such"); *Salazar v. State*, 893 S.W.2d 138, 141 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (finding that flight from show of authority is factor in support of finding of reasonable suspicion); *Davis v. State*, 905 S.W.2d 655, 661 (Tex. App.—Texarkana 1995, pet. ref'd) (stating flight is factor to consider when determining reasonable suspicion).

Moreover, Officer Moebius testified that Hines did not signal as he reentered the roadway, violating Texas Transportation Code section 545.104(a) and justifying a traffic stop. *See* TEX TRANSP. CODE § 545.104(a) (requiring drivers to signal when starting from parked position). Hines makes much of the fact that Officer Moebius could not have seen whether Hines signaled when he reentered the roadway because the officer's back was turned as he got back into his patrol car. He also argues that Officer Moebius did not include the failure to signal in his report.[1] First, the dash cam video offered into evidence supports Officer Moebius' testimony. Further, we note that we are to give almost total deference to the court's implied determination of the historical facts when supported by the record, especially when those facts are based on an evaluation of the witnesses' credibility and demeanor. *Gonzales*, 369 S.W.3d at 854; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all evidence presented. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Therefore, Officer Moebius' testimony alone was enough to justify the inclusion of Hines's failure to signal in the reasonable suspicion analysis.

---

[1] The report to which Hines refers is a probable cause affidavit completed by Officer Moebius to support an arrest warrant. It is irrelevant here as Hines was arrested pursuant to a warrantless arrest.

The facts of this record—the car idling on a rural roadside at a late hour, the sudden departure upon police approach, and the failure to signal in violation of state traffic law— when considered collectively in a light most favorable to the trial court's ruling, gave Officer Moebius a justification for an investigatory detention under *Terry*. Further, once the stop occurred and the officer observed signs of intoxication, including the odor of alcohol, unsteady gait, confused speech and failed field sobriety tests, the arrest was supported by probable cause. We therefore conclude that the trial court did not err in denying Hines's motion to suppress. Hines's first point of error is overruled.

2. Search Warrant

In his second point of error, Hines challenges the trial court's denial of his motion to suppress evidence obtained pursuant to a search warrant for a blood draw, and the denial of his request for a hearing under *Franks v. Delaware*, 428 U.S. 154 (1978). Hines contends that the affidavit supporting the search warrant is invalid. In making his argument, Hines appears to have conflated the search warrant, which authorized the taking of his blood, with an unrelated arrest warrant. Separate from the blood search warrant at issue, an arrest warrant was also prepared in this case. This warrant was never presented to nor signed by the magistrate as Hines was arrested via a warrantless arrest at the scene. Because it did not serve as the basis for arrest or any other action in this case, the arrest warrant is immaterial. It is particularly inconsequential to the validity of the blood search warrant as the blood evidence in question was obtained through the search warrant and not through the arrest warrant.

We now address the sufficiency of the affidavit that did support the blood search warrant. The record reflects that when officers determined that Hines could not provide an adequate breath sample, they transferred Hines to the medical center for a blood test. Officer Moebius prepared

and submitted a written affidavit detailing the facts supporting probable cause for a search warrant and submitted it to the magistrate. The affidavit was signed and sworn to by Officer Moebius. Based upon this affidavit, the magistrate signed and issued the search warrant for Hines's blood. Hines contends that the search warrant was invalid because the affidavit supporting it was not signed by a magistrate.

Despite Hine's assertions, there is no legal requirement that a magistrate sign the affidavit supporting a search warrant. What the law does require is that the affidavit be sworn to by the affiant and that the magistrate make a judicial determination of probable cause, which is demonstrated by the magistrate's signature on the warrant itself. TEX. CODE CRIM. PROC. art. 18.01(b) (requiring a sworn affidavit setting forth substantial facts establishing probable cause to be filed in every instance in which a search warrant is requested."); TEX. CODE CRIM. PROC. art. 18.04(4) (stating a search warrant shall be sufficient if dated and signed by the magistrate). Here, the affidavit was signed and sworn to by the arresting officer, and the magistrate reviewed it and signed the warrant, reflecting a proper judicial finding of probable cause. Because there is no requirement that a magistrate sign an affidavit supporting a search warrant, the lack of a magistrate's signature on the affidavit is not a defect. We therefore reject Hines's assertion that the search warrant was invalid because it did not contain a magistrate's signature.

Prior to trial, Hines also requested a hearing to challenge the validity of the search warrant. *See Franks v. Delaware*, 432 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that the supporting affidavit (1) contained a false statement or material omission; (2) was made knowingly, intentionally, or with reckless disregard for the truth; and (3) that the falsehood or omission was necessary to the finding of probable cause. *Id*.; *Cates. v. State*, 120 S.W.3d 352, 356 (Tex. Crim.

App. 2003). Hines failed to meet this burden. He argues that the unsigned arrest warrant entitled him to a hearing under *Franks*. However, he has pointed to no false statement or material omission in the search warrant affidavit. The affidavit accurately set forth the officer's observations and basis for probable cause.

Hines's argument regarding the unsigned arrest warrant is, again, misplaced—he was not arrested under that warrant and its sufficiency has no bearing on the search warrant at issue. The search warrant was supported by the assertions in a completely different probable cause affidavit. Furthermore, even if the lack of a signature did invalidate the affidavit at issue, a *Franks* hearing would not be the appropriate means of addressing such a defect. *Franks* does not contemplate technical defects in an affidavit. It is limited to cases in which substantive misrepresentation or falsehood is alleged. *See Franks*, 438 U.S. at 171; *Cates*, 120 S.W.3d at 355. We therefore conclude that Hines failed to make the requisite showing under *Franks* and the trial court properly denied the requested hearing. Hines's second point of error is overruled.

## B. JUDICIAL COMMENTS

In his third point of error, Hines contends that the trial court erred by making improper comments during the course of the criminal proceedings. In the heading of this section of his brief, Hines claims that this alleged error violated his rights under the Fifth and Fourteenth amendments. However, Hines offers no Constitutional argument or authority, and the substance of his contentions focus on Article 38.05 of the Texas Code of Criminal Procedure. We will therefore address this as an Article 38.05 complaint.

Article 38.05 prohibits a trial judge from commenting on the weight of the evidence or making any remark calculated to influence the jury's determination. TEX. CODE CRIM. P. art. 38.05. A trial judge violates Article 38.05 where it makes a statement that "implies approval of the State's

argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case." *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston [14th] 2006, no pet.). However, to constitute reversible error, a judicial comment must be reasonably calculated to benefit the State or prejudice a defendant's substantial rights. *Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017); *see also* TEX .R. APP. P. 44.2(b). We review a challenge to a trial court's comments *de novo*. *Costilla v. State*, 650 S.W.3d 201, 218 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

Hines complains of seven instances in which he claims the trial judge violated Article 38.05. Six of those were outside the jury's hearing or presence, either during pre-trial hearings or trial recess. Commentary that occurs outside the hearing or presence of the jury can neither benefit the State nor prejudice the defendant. *Becknell v. State*, 720 S.W.2d 526, 532 (Tex. Crim. App. 1986). Accordingly, such comments cannot constitute reversible error. *See Costilla*, 650 S.W.3d at 219 (concluding "comments made outside of the jury's presence or hearing cannot constitute reversible error"); *Baca v. State*, 223 S.W.3d 478, 482 (Tex. App.—Amarillo 2006, no pet.) (finding statements made outside jury's presence did not taint presumption of innocence); *Murchison v. State*, 93 S.W.3d 239, 262 n.4 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (holding comments made outside jury's presence did not vitiate right to impartial jury trial).

The seventh comment that Hines complains of was made during trial, in the jury's presence. On his cross-examination of Officer Moebius, Hines attempted to demonstrate that Officer Moebius' testimony regarding the reason he stopped Hines was different from the reason he had stated in his original report. The trial court interjected:

> Mr. Hines, since you're going down this road about legal issues, let me tell you what I think the law is regarding when the police officer does something as I understand the law. As long as the officer observes something that might be illegal, even if the officer doesn't record it properly and it's later found that the officer had a reason to

act the way he did, that's sufficient for the stop. He doesn't even have to know the legitimate reason he's stopping somebody if the law suggests that there's a reason for him to initiate a stop or make an arrest even.

Hines characterizes this as a "mistaken statement of law to the jury." We disagree. Read in full context, this comment was made in response to Hines's suggestion that a stop is only valid if the officer subjectively knows and states a specific violation. The trial court's comment reflects an objective test for reasonable suspicion or probable cause, which is consistent with the law. *See Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). While the court's phrasing was arguably imprecise, it does not reflect judicial bias or a comment on the weight of the evidence. Nor does it express a belief in the guilt of the accused, approval of the State's theory, or disbelief in the defense's position. It was an explanation of a legal principle that applied neutrally to the facts being presented. *See Rosales v. State*, 932 S.W.2d 530, 538 (Tex. App.—Tyler 1995, pet. ref'd) (finding no comment on weight of evidence where judge explained law regarding admission of evidence); *Williams v. State*, 834 S.W.2d 502, 505 (Tex. App.—Fort Worth 1992, pet. ref'd) (concluding judge was not stating his opinion, but "explaining applicable rules of criminal law" where he explained burden of proof).

Hines further complains that the trial court improperly interjected its opinions and misdirected the jury when it participated in the preparation of the jury charge. Specifically, Hines complains of the following exchanges between the trial court and counsel:

> THE COURT: We want to put any --violating any law?
> THE STATE: Instead, I think it's more appropriate to say, "A police officer who reasonably believes that he has observed a traffic infraction in violation of the Texas Transportation Code has reasonable suspicion that the motorist has committed a criminal offense," period.

> THE COURT: A motorist failing to -- to --let's see. A motorist violating the Texas – any portion of the Texas Transportation Code?
>
> THE STATE: So I think -- I propose that it reads "A police officer who reasonably believes he has observed a motorist driving in violation of the Texas Transportation Code or committing a driving infraction in violation of the Texas Transportation Code has reasonable suspicion that the motorist has committed a criminal offense," period.
>
> THE COURT: "Has committed a criminal offense," and then take out the last.
>
> THE STATE: And then I think the next paragraph should continue in the same vein. "Before you may consider the evidence obtained as a result of Sergeant Moebius's stop and detention of Roscell Hines, you must all agree that the State has proven beyond a reasonable doubt that Sergeant Moebius reasonably believed that he observed the defendant committing a traffic infraction in violation of the Texas Transportation Code immediately before Sergeant Moebius stopped him."
>
> THE COURT: No, I think that's fine. That covers it, basically. That says what the law is.

Hines contends that the trial court's involvement in drafting the charge suggested an improper alignment with the State's theory and thereby tainted the jury's impartial consideration of the evidence. We disagree.

A trial judge has an obligation to prepare and submit a jury charge pursuant to Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. P. arts. 36.14, 36.15, 36.16. A charge improperly comments on the weight of the evidence only when it implies that a particular fact has been established or suggests how evidence should be interpreted. *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). The record reflects that the trial court in this case actively participated in the charge conference, proposing certain instruction and accepting edits offered by the State. Nothing in the record suggests that the trial court made any statements in the presence of the jury indicating how it viewed the evidence or implying that any fact had been conclusively established. Moreover, there is no language in the charge itself that misleads the jury. On the contrary, the charge tracked the legal standard the jury was to use in determining reasonable suspicion under the facts of this case

and included appropriate instructions on the burden of proof and the jury's duty as a factfinder.

Participation in crafting the jury charge, standing alone does not constitute an impermissible comment on the weight of the evidence. *See* TEX. CODE CRIM. P. art. 36.14. The trial court's conduct here was consistent with its obligation to ensure that the charge was complete and legally correct. Absent any language in the charge that reflects a judicial opinion on the evidence, we find no error. *See, e.g.*, *Easdon v. State,* 552 S.W.2d 153, 155 (Tex. Crim. App. 1977) (holding instruction on presumption created by statute is not a comment on weight of evidence but is statement of the law applicable to the case); *Parks v. State,* 400 S.W.2d 769, 771 (Tex. Crim. App. 1966) (holding trial court's oral charge concerning reasonable doubt and burden of proof were not comments on weight of evidence); *Lacaze v. State*, 346 S.W.3d 113, 119 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding instruction that extraneous offenses could be used as corroboration not a comment on weight of evidence). Hines's third point of error is overruled.

The judgment of the trial court is AFFIRMED.

H. Todd McCray, Justice

DO NOT PUBLISH