Kenneth L. PRUDHOMME, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00114–CR.

Court of Appeals of Texas,
Texarkana.

Submitted April 2, 2001.

Decided April 18, 2001.

Belinda J. Chagnard, Houston, for appellant.

Calvin A. Hartmann, Dist. Atty., Carol M. Cameron, Asst. Dist. Atty., Houston, for state.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Kenneth Prudhomme entered a plea of guilty before the court, without a plea agreement, to the offense of aggravated sexual assault of a child. He was charged with sexually assaulting his stepdaughter, who was, at the time of the incident, under the age of fourteen years. The court adjudged Prudhomme guilty and sentenced him to a term of life imprisonment. In the same proceeding, Prudhomme pled guilty to two other offenses of aggravated sexual assault involving his other two stepdaughters, both of whom were under the age of fourteen years. The court sentenced him to life imprisonment for each offense, but ordered that the sentences for all offenses run concurrently. Prudhomme has filed appeals from each of those convictions, which we address by separate opinions.

In an order, we held that Prudhomme was denied counsel during a critical stage in the proceedings, the period for filing and presenting a motion for new trial. *Prudhomme v. State*, 28 S.W.3d 114, 120 (Tex.App.—Texarkana 2000, order). We abated the appeal and remanded the case to the trial court "to the point at which Prudhomme was convicted and his sentence imposed." *Id.* at 121. We also specified that "[t]he timetable for motions for new trial shall begin running anew on the date this opinion is received by the district clerk." *Id.* Prudhomme filed a motion for new trial, and after a hearing, the trial court denied his motion.

█ Initially, we are confronted with the question whether we have jurisdiction to consider the record from the hearing on Prudhomme's motion for new trial. The supplemental record from the district clerk's office shows that our order was received and file stamped in that office on August 18, 2000. This gave Prudhomme thirty days in which to file a motion for new trial, i.e., until September 18, 2000 .[1] TEX.R.APP.P. 21.4(a). The record shows that Prudhomme's motion for new trial was file stamped in the district clerk's office on September 20, 2000. The certificate of service recites:

> I hereby certify that on 9–20, 2000, a true and correct copy of the foregoing Motion for New Trial was hand delivered to the Assistant District Attorney assigned to handle this case.

Therefore, on the record before this Court, the motion for new trial was untimely.

Prudhomme contends that he has timely filed a motion for new trial because he filed a pro se "Motion to Withdraw Plea of Guilty or Nolo Contendere" twenty-five days after his sentence was originally imposed. In our initial opinion, we concluded that this pro se motion was "effectively a *pro se* motion for new trial," but that he was denied the assistance of counsel in presenting that motion for a hearing. *Prudhomme*, 28 S.W.3d at 120. Prudhomme maintains his September 20, 2000, motion simply reurged and presented his original motion for new trial.

His contention ignores the terms of the order we issued. As mentioned previously, we remanded the case to the trial court "to the point at which Prudhomme was convicted and his sentence imposed," and we specified that "[t]he timetable for motions for new trial shall begin running anew on the date this opinion is received by the district clerk." *Id.* at 121. Our order essentially turned the clock back and gave Prudhomme the opportunity to file and present his motion for new trial with the benefit of counsel.

---

1. Prudhomme actually had until September 17, 2000, but that was a Sunday, so the timetable extended to the following day. TEX. R.APP.P. 4.1(a).

Prudhomme's original pro se motion is ineffective to achieve the purpose intended by our order. First, as we concluded in our order, his pro se motion for new trial was not prepared with the assistance of counsel. Second, his pro se motion did not exist at "the point at which Prudhomme was convicted and his sentence imposed." Third, the timetable for him to receive a hearing on his pro se motion had already run when we issued our order. Had it not, there would have been no reason for us to remand the case to the trial court.

Prudhomme's citation to TEX.R.APP.P. 27.2 does not require a different conclusion. Rule 27.2 provides:

> The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

No court has applied Rule 27.2 in a criminal case, but courts in civil cases have held that the rule operates to deem a prematurely filed motion for new trial timely, which allows the timetable for an appeal to be extended. *Elizondo v. City of San Antonio*, 975 S.W.2d 61, 62 (Tex.App.—San Antonio 1998, no pet.); *Sewell v. Adams*, 854 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1993, no writ). In addition, under Rule 27.2 a court of appeals may abate an appeal to give a party an opportunity to cure a defect in the trial court's order or judgment. *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

*Prudhomme's pro se motion for new trial was filed after the trial court pronounced the judgment of conviction and* sentence. Thus, there is no need for this Court to give his motion "effect as if [it] had been [filed] after the order was signed." Further, the trial court's judgment was final; therefore, there is no need for this Court to allow the judgment to be modified.

 Prudhomme contends that in the interest of justice and judicial economy, we should consider the record from the hearing on his motion for new trial. We disagree. Prudhomme has received the benefits of the procedural safeguards designed to ensure justice. The procedural provisions governing motions for new trial in a criminal case must be strictly complied with for the trial court to have jurisdiction to consider the motion. *Oldham v. State*, 977 S.W.2d 354, 361 (Tex.Crim.App.1998); *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim.App.1987); *Stone v. State*, 931 S.W.2d 394, 396–97 (Tex.App.—Waco 1996, pet. ref'd). The defendant has thirty days in which to file a motion for new trial after the trial court imposes sentence. TEX. R.APP.P. 21.4(a). Prudhomme failed to file a motion for new trial within thirty days of the date specified in our order. Thus, the trial court was without jurisdiction to consider the motion for new trial, and we are without jurisdiction to consider the record from that hearing.

This does not end our inquiry. As Prudhomme observes, we did not address his remaining issues on appeal in our order. Prudhomme contends he received ineffective assistance of counsel rendering his guilty plea involuntary. He also contends the evidence is legally insufficient to convict him.

The record reveals the following. When Prudhomme entered his guilty plea, the trial court asked him a series of questions regarding his plea. Prudhomme responded that he was pleading guilty because he

was actually guilty; that nobody was forcing him, threatening him, or promising him anything in exchange for his plea; that he understood he was entering his guilty plea without a plea agreement and that he was doing so freely and voluntarily; that he understood the range of punishment and the meaning of deferred adjudication community supervision, which he was requesting from the trial court; and that he discussed the plea papers with his attorney, understood them, and realized that he was giving up his right to a jury trial and his right to remain silent, among other rights. In short, as Prudhomme acknowledged before the trial court, he was "basically throwing [himself] on the mercy of the Court."

At a later hearing to determine his sentence after the preparation of a presentence investigation (PSI) report, Prudhomme testified that he understood the charges against him; that he pled guilty to the charges with a full understanding of the range of punishment; that he discussed the State's plea bargain offer with his attorney; that his attorney had advised him to accept the State's offer; that he nevertheless rejected the offer; that he did so with a full understanding of the implications and the trial court's power to sentence him; and that he pled guilty because he was guilty.

■■■ The standard for testing claims of ineffective assistance of counsel was set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The *Strickland* test applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim.App.1987). To successfully attack a guilty plea for ineffective assis-

tance of counsel, Prudhomme must show that his attorney's alleged deficiencies rendered his plea unknowing and involuntary. *Rodriguez v. State*, 899 S.W.2d 658, 666 (Tex.Crim.App.1995). The voluntariness of the plea depends on (1) whether his attorney's advice was within the range of competence demanded of attorneys in criminal cases, and if not, (2) whether there is a reasonable probability that, but for his attorney's errors, he would not have entered his plea and would have insisted on going to trial. *Hill*, 474 U.S. at 58–59, 106 S.Ct. 366; *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex.Crim.App.1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App.2000).

■■■ Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Rodriguez*, 899 S.W.2d at 665. Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. We will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim.App.1979). The fact that another attorney, even Prudhomme's attorney on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex.App.— Texarkana 1999, no pet.).

■■■ Prudhomme raises numerous allegations of deficient performance, which can be grouped into three categories: al-

leged deficiencies in advising Prudhomme, alleged deficiencies in preparing for trial, and alleged deficiencies in preserving Prudhomme's right to appeal. We consider each allegation below.[2]

### Advising His Client

Prudhomme contends his attorney was deficient in (1) failing to admit until the eve of trial that he had never before tried a sexual assault of a child case; (2) telling Prudhomme that the trial court would not let him withdraw from the case even though Prudhomme asked him to withdraw and even though counsel never filed a motion to withdraw in the trial court; and (3) telling Prudhomme that he would receive community supervision if he pled guilty before the trial court.

 However, Prudhomme has failed to meet his burden of firmly founding these allegations of deficient performance in the record. There is nothing in the record concerning his attorney's experience and little regarding what counsel told or did not tell Prudhomme. The record does show that Prudhomme admitted during his plea proceeding that he had rejected, against his attorney's advice, a plea agreement offered by the State. The record shows the State offered to recommend a thirty-five-year sentence and to drop the charges on two of the offenses. Thus, it seems unlikely that Prudhomme's attorney would at one time advise his client to accept the State's offer, but at the same time advise his client that he would get community supervision if he pled guilty before the trial court.

### Trial Preparation

 Prudhomme contends his attorney was deficient in failing to file motions requesting community supervision from the jury in two of the three cases pending against him and in failing to file pretrial elections for jury punishment, where the cases had been set for a jury trial and where Prudhomme was ineligible to receive community supervision from the trial court. The record shows that on the day of trial, Prudhomme filed a sworn motion requesting community supervision in each of the three cases pending against him. In one of those motions, he requested that the jury recommend he be placed on community supervision; in the other two, he requested that the trial court place him on community supervision. The record also shows that he did not file a pretrial election to have the jury assess his punishment in any of the three cases. However, the motion requesting community supervision from the jury, which he filed in one case, operated as an election to have the jury assess his punishment in that case. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 2(b) (Vernon Supp.2001); *Brinson v. State*, 570 S.W.2d 937, 940 (Tex.Crim. App. [Panel Op.] 1978). However, the court (not the jury) assessed Prudhomme's punishment in this case. Where a defendant elects at the beginning of trial to have the jury assess punishment, it is presumed that such defendant agreed at the end of trial for the court to assess punishment where, as here, the court did so and no objection by either party appears in the record. *Hackey v. State*, 500 S.W.2d 520, 521 (Tex.Crim.App.1973).

2. In the interest of justice, we consider the additional allegations of deficient performance raised by Prudhomme in his supplemental brief because the issue of ineffective assistance of counsel was before this Court on his initial appeal. However, we consider these additional allegations based only on the record that was before this Court on Prudhomme's initial appeal and not on the record developed at the hearing on his motion for new trial.

Counsel's actions might have been the product of trial strategy. It is conceivable that counsel decided that Prudhomme would not receive community supervision from a jury and hoped for more leniency from the trial court. Contrary to Prudhomme's assertion, the trial court could have granted him deferred adjudication community supervision, though it could not have granted him regular community supervision because he was charged with sexual assault of a child. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 3g(a)(1)(E), 5(a) (Vernon Supp.2001). Prudhomme has not shown that counsel's actions did not have a sound basis in trial strategy, or if they did not, that they affected his decision to plead guilty. Thus, Prudhomme has failed to meet his burden of demonstrating that he would not have entered his guilty plea and would have insisted on going to trial, but for his attorney's error.

■ Prudhomme also contends that his attorney was deficient in (1) failing to familiarize himself with the facts of the case or the underlying law; (2) failing to investigate the competency of the victims to testify at trial; (3) failing to view the videotaped interviews of the victims; (4) failing to consult with a medical expert regarding the victims' medical records; (5) failing to subpoena witnesses to appear at trial; (6) failing to file pretrial motions; (7) failing to object to the State's motions to consolidate prosecution of the three cases and to cumulate the sentences assessed; (8) failing to admonish Prudhomme that the State sought to cumulate his sentences; and (9) failing to seek or negotiate an agreed "punishment cap" for a plea of guilty without an agreed recommendation of punishment.

However, Prudhomme has not founded these allegations of deficient performance in the record. From the record before us, we do not know the degree of preparation Prudhomme's attorney undertook in this case, whether he told Prudhomme about the State's effort to have his sentences cumulated, or the nature of the plea bargain discussions between the State and counsel for Prudhomme.

■ Prudhomme has also failed to overcome the presumption that his attorney's alleged deficiency in failing to file pretrial motions was not the product of sound trial strategy. We note from the record that Prudhomme's previous trial counsel filed numerous discovery motions in one of the cases while he was representing Prudhomme. Prudhomme's second trial attorney may have decided that he did not need any more information to defend Prudhomme than what was provided in response to those discovery motions.

■ Similarly, Prudhomme has not shown that his attorney's alleged deficiency in failing to oppose the State's motions to consolidate the cases and to cumulate the punishments was not the product of trial strategy. Under TEX.PEN.CODE ANN. § 3.02(a) (Vernon 1994), a defendant may be tried in the same proceeding for acts arising out of the same criminal episode, as that term is defined by TEX.PEN.CODE ANN. § 3.01 (Vernon 1994). Under TEX.PEN. CODE ANN. § 3.04(c) (Vernon Supp.2001), the defendant does not have the right to receive separate trials of multiple aggravated sexual assault of a child offenses arising out of the same criminal episode unless he can show that he would be unfairly prejudiced by a single trial. Counsel may have decided that he could not prevail in a challenge to the State's motion to consolidate the cases. Alternatively, he could have chosen not to oppose the State's motion because Prudhomme planned to plead guilty.

In either event, opposing the State's motion to cumulate Prudhomme's sentences would have been fruitless. If Prudhomme

was tried for all three offenses in a single proceeding, the trial court would have had discretion to cumulate his sentences. TEX. PEN.CODE ANN. § 3.03(b)(2)(A) (Vernon Supp.2001). If Prudhomme had filed a motion to sever and successfully argued that he would be unfairly prejudiced by a single trial, the trial court would have had discretion to cumulate his sentences. TEX. PEN.CODE ANN. § 3.04(b) (Vernon Supp. 2001). Even if Prudhomme could have successfully argued that the three offenses did not arise out of the same criminal episode, and thus received separate trials, the trial court would have had discretion to cumulate his sentences. TEX.CODE CRIM. PROC.ANN. art. 42.08(a) (Vernon Supp. 2001).

### Preparation of an Appeal

■ Prudhomme contends his attorney was deficient in failing to preserve his right to appeal by (1) assisting him in filing a notice of appeal, (2) filing a notice of appeal on his behalf, (3) asserting his indigency status before the trial court, (4) withdrawing from further representation and requesting appointment of new counsel on appeal, and (5) filing and presenting a motion for new trial. Even assuming counsel's omissions constitute deficient performance, Prudhomme has not shown that counsel's omissions affected his decision to plead guilty. Indeed, these alleged omissions occurred after Prudhomme pled guilty. In any event, our initial order abating the appeal and remanding the case to the trial court cured whatever prejudice occurred. Prudhomme's contentions regarding ineffective assistance of counsel are overruled.

Prudhomme next contends the evidence is legally insufficient to convict him. The basis of his contention is that the judicial confession, State's Exhibit 1, does not correspond to the indictment with respect to the victim's name and the manner and means of the offense. A comparison of the judicial confession in this cause, 805206, and in trial cause number 805205, shows that the judicial confession in 805205 was for the offense charged in 805206, and the judicial confession in 805206 was for the offense charged in 805205.

The State contends the district clerk merely wrote the wrong cause numbers at the top of each judicial confession. The State contends these defects are remedied by supplemental clerk's records filed in each case, which contain hand-edited copies of the judicial confessions, each purportedly initialed by the district clerk.

■ We need not decide whether the supplemental clerk's records cure the defects in the judicial confessions. The cases were considered together, and Prudhomme testified and admitted that he committed the charged offenses, thereby supplying an additional judicial confession. Further, because the cases were consolidated, error, if any, was harmless because all the confessions were before the trial court in deciding all the cases together. Under these circumstances, we conclude the evidence was sufficient to convict Prudhomme of the charged offenses. Prudhomme's contentions regarding sufficiency of the evidence are overruled.

■ Prudhomme further contends that his attorney was ineffective for allowing him to plead guilty to a different offense than the one with which he was charged. Such deficiency, he contends, rendered his plea involuntary. Again, Prudhomme has failed to meet his burden of demonstrating that he would not have entered his guilty plea and would have insisted on going to trial, but for his attorney's alleged errors. This contention is overruled.

The judgment is affirmed.