# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-03-00744-CR**
**NO. 03-03-00745-CR**

---

**Brent Reid Slocum, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT**
**NOS. 10,629 & 10,630, HONORABLE HAROLD ROBERT TOWSLEE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Brent Reid Slocum pleaded guilty to aggravated robbery and burglary of a habitation. *See* Tex. Pen. Code Ann. §§ 29.03, 30.02 (West 2003). The court adjudged him guilty and assessed punishment at forty years' imprisonment for the former offense and twenty years' imprisonment for the latter. By three points of error, appellant contends he was not properly admonished regarding his guilty pleas, the State did not honor its plea bargain, and his trial counsel was ineffective. We will affirm.

On July 9, 2003, appellant appeared in court to enter his pleas.[1] Although the court did not expressly ask if there was a plea bargain agreement, it twice inquired as to whether any promises had been made to appellant to induce him to plead guilty. Appellant told the court that no

---

[1] The Honorable Terry Flenniken took appellant's pleas.

promises had been made. The State introduced in evidence the "guilty plea memorandum" and the "defendant's plea of guilty, waiver, stipulation & judicial confession" in each cause. These documents, which were signed by appellant and his attorney, the prosecutor, and the trial judge, reflect that appellant was admonished in accord with article 26.13(a). Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2004-05); *and see id*. art. 26.13(d) (admonishments may be made orally or in writing). There is no reference in these documents to any punishment agreement. Appellant told the court that he understood the written admonishments and the consequences of waiving his right to a jury trial and pleading guilty. At the conclusion of the hearing, the court accepted the pleas, withheld findings of guilt, ordered a presentence investigation, and reset the causes for a later date.

Trial of these causes resumed on October 22, 2003.[2] After hearing testimony from numerous witnesses for both the State and the defendants, the attorneys presented arguments regarding the proper punishment. After discussing appellant's troubled background, appellant's counsel quoted the statement in the presentence report that "prison would likely intensify the defendant's rage and make him potentially more dangerous." Counsel continued, "That's kind of something that cuts both ways. . . . What difference would a 10-year sentence or a 20-year sentence or a 30-year sentence make in terms of what is not only right for him, but what's right for society." Counsel concluded his argument by saying that appellant "expects to be punished" and is "leaving that up to the Court as to what punishment the Court should think is proper in this case." In her closing remarks, the prosecutor stressed the violence that accompanied these offenses and said,

---

[2] At this stage of trial, before the Honorable Harold R. Towslee, appellant's prosecutions were joined with those of his codefendant, Jason Edward Cole. Cole had separately pleaded guilty.

"Judge, I don't know what's appropriate, 40 or 50 years, 20 years. It needs to be some time. . . . I hope that you will consider a lengthy jail sentence for both of them." The court then adjudged the defendants guilty and imposed sentence.[3]

In his second point of error, appellant asserts that he pleaded guilty pursuant to a plea bargain by which the prosecutor promised not to ask for a sentence exceeding twenty years in prison. He contends the prosecutor violated this bargain when she suggested that "40 or 50 years, 20 years" would be an appropriate punishment.[4]

In support of his claim that a plea bargain existed, appellant refers us to the affidavit attached to untimely motions for new trial and to the testimony of his trial counsel at the hearing on the motions. A motion for new trial must be filed no later than thirty days after sentence is imposed. Tex. R. App. P. 21.4(a). Sentence was imposed in each of these causes on October 22, 2003, and therefore the deadline for moving for a new trial was November 21. The motions were filed on December 12. Because the motions for new trial were not timely filed, the trial court did not have jurisdiction to consider them. *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989) (applying statutory predecessor to rule 21.4); *Stone v. State*, 931 S.W.2d 394, 396-97 (Tex. App.—Waco 1996, pet. ref'd) (applying predecessor rule). For the same reason, this Court is not

---

[3] Codefendant Cole was sentenced to twenty years for the burglary and thirty years for the aggravated robbery.

[4] Cole made a similar argument on appeal. He argued, however, that it was his agreement to the joint punishment hearing, not his guilty plea, that was induced by the prosecutor's promise. This Court held that because the plea was not part of the alleged bargain, any violation did not render the plea involuntary. *Cole v. State*, No. 03-04-00067-CR, 2004 Tex. App. LEXIS 11218, at *7 (Tex. App.—Austin Dec. 16, 2004, no pet.) (not designated for publication).

authorized to consider the record from the hearing. *Prudhomme v. State*, 47 S.W.3d 683, 688 (Tex. App.—Texarkana 2001, pet. ref'd) (applying rule 21.4(a)).

There is no evidence of a plea bargain in the record that is properly before this Court. The guilty plea documents make no reference to a plea bargain. Appellant assured the judge who took his guilty pleas that no promises had been made to him. Defense counsel's reference to a possible thirty-year sentence during jury argument is inconsistent with the existence of a plea bargain limiting punishment to twenty years. And counsel's statement that the trial court should assess the punishment it thought proper suggests an understanding that this was an open plea. Indeed, it is hard to understand why the parties would call a total of eleven witnesses and adduce one hundred twenty pages of testimony if there was an agreement as to punishment. We also note that there was no objection when the prosecutor suggested "40 or 50 years, 20 years," and appellant did not ask to withdraw his guilty plea when the court assessed the forty-year sentence in the robbery case. In each cause, the certification of appellant's right of appeal states that "this criminal case is not a plea-bargain case, and the defendant has the right of appeal." *See* Tex. R. App. P. 25.(a)(2).

Reversible error is not shown even if we take into consideration counsel's testimony at the new trial hearing. Counsel testified that he recalled being told by the prosecutor that "the State would not request any sentence greater than 20 years" if appellant pleaded guilty.[5] Appellant does not contend that this alleged promise was violated when the trial court sentenced him to forty years for the robbery. Instead, he asserts that the promise was broken when the prosecutor mentioned the possibility of a sentence exceeding twenty years. In other words, if a plea bargain existed in these

---

[5] The prosecutor denied making any such promise.

4

cases, it did not include a specific punishment agreement entitling appellant to withdraw his plea should the trial court reject it. Instead, the agreement, if any, was that the plea would be open—that is, that the court would be free to assess the punishment it saw fit—but the prosecutor would not ask for more than twenty years.

If this was the agreement, the prosecutor's violation of it was harmless. Just before proceedings were adjourned after sentencing, counsel for appellant's codefendant stated for the record that he had been told by the prosecutor that "she would not ask for more than 20 years and I believe that she did. So, just for the record, I make that statement." Appellant's counsel said nothing. The judge responded by saying that he did not recall the prosecutor "giving me any number" and that "punishment was entirely my own judgment." If the prosecutor had promised not to ask for more than twenty years, her breach of the promise clearly did not contribute to the punishment assessed or otherwise harm a substantial right. *See* Tex. R. App. P. 44.2(b).

For all the reasons stated, we overrule point of error two.

In point of error one, appellant contends the trial court failed to admonish him as required by article 26.13 before accepting his guilty pleas. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a). More particularly, appellant complains that the court did not "inquire as to the existence of any plea bargaining agreements between the state and the defendant." *Id*. art. 26.13(a)(2). Appellant reasons that if such an inquiry had been made, there would be no question now as to the existence of a plea bargain and its terms.

As previously noted, the records contain written guilty plea admonishments. These documents are silent, however, with respect to the existence or nonexistence of a plea bargain agreement. Although the trial court did ask appellant if any promises had been made to induce the

5

guilty pleas, the court did not expressly inquire if any plea bargain agreement existed before accepting the pleas. Assuming that the court failed to adequately comply with the requirements of article 26.13(a)(2), the error was harmless. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (failure to substantially comply with article 26.13(a) is not reversible error per se); *Aguiire-Mata v. State*, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999) (noncompliance with article 26.13(a) is nonconstitutional error); *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (same).

The only harm asserted by appellant is the present disagreement with the State regarding the existence of the alleged agreement. *See Vera v. State*, 821 S.W.2d 725, 726 (Tex. App.—Corpus Christi 1991, no pet.). But we have already determined in light of the trial court's remarks that even if the prosecutor had agreed not to ask for more than twenty years as appellant contends, the breach of the agreement did not harm appellant. Under the circumstances, the court's failure to make the statutory inquiry did not result in any adverse consequence to appellant. Point of error one is overruled.

Finally, appellant contends his trial counsel did not provide constitutionally effective representation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). He complains that his attorney did not object to the trial court's failure to comply with article 26.13(a), did not otherwise bring the alleged plea bargain agreement to the attention of either trial judge, and did not object to the prosecutor's argument that violated the alleged agreement. Once again, appellant relies on testimony adduced at the hearing on his untimely motions for new trial. Even if we consider this testimony, there is no basis for concluding that, but for counsel's errors, the

result of appellant's trial would have been different. We have already explained that the violation of the alleged agreement was harmless.

Appellant raises one additional claim regarding counsel's performance. He asserts that he believed that Judge Flenniken would preside at the sentencing hearing. He complains that counsel should have objected to Judge Towslee presiding because the judge had previously presided at a juvenile proceeding involving appellant. Appellant implies that Judge Towslee was disqualified, but offers no argument or authority to support this implication.

Appellant does not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of error three is overruled.

The judgments of conviction are affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: March 10, 2005

Do Not Publish