COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-328-CR
 
  
PHILLIP 
DALE                                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
Introduction
        Appellant 
was indicted on eight counts of aggravated sexual assault involving two alleged 
victims. Counts I through V involved the same complainant, who was identified by 
pseudonym as 0020. Counts VI through VIII involved another complainant, who was 
identified by pseudonym 0020-A. Both complainants were the stepchildren of 
Appellant and were younger than seventeen years of age. Appellant pleaded no 
contest to each count of the indictment. Following the presentation of evidence, 
the trial court sentenced Appellant to fifty years’ confinement on each of 
counts I through V, which were ordered to run concurrently. Appellant was also 
sentenced to twenty years’ confinement on each of counts VI through VIII, 
which were likewise ordered to run concurrently. However, the trial judge also 
ordered that the sentences pertaining to counts VI through VIII run 
consecutively with the sentences in counts I through V. In two points, Appellant 
argues that his punishment was excessive and that the trial court’s cumulative 
order was improper. We affirm.
Factual and 
Procedural Background
        Because 
Appellant does not challenge the sufficiency of the evidence, we need only 
briefly discuss the facts of this case. The record shows that Appellant married 
the complainants’ mother, Amy Triplet, in August 1991. The complainants were 
Triplet’s daughter and son from a previous marriage and were between 
approximately four and seven years old when Triplet married Appellant. The 
complainants were identified by the use of a pseudonym. Triplet’s daughter was 
identified by pseudonym 0020, and Triplet’s son was identified by pseudonym 
0020-A. The evidence showed that shortly after Triplet and Appellant married, 
Appellant began to routinely sexually assault both complainants separately. This 
abuse lasted throughout the marriage and spanned a period of approximately seven 
years.
Punishment
        In 
his first point, Appellant argues that his punishment was excessive. Appellant 
states that he presented mitigating evidence, including his lack of a criminal 
history, his character for honesty and integrity, his stable employment, and his 
family background, and he argues that he is a good subject for treatment instead 
of confinement. Therefore, he contends that his sentences, even though within 
the statutory range, are excessive. Appellant also argues that his sentences 
violate the Eighth Amendment’s prohibition against sentences that are grossly 
disproportionate to the offense.
A. Excessiveness
        Generally, 
punishment assessed within the statutory limits is not excessive, cruel, or 
unusual punishment. Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 
1973); Alvarez v. State, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, 
no pet.).
        Appellant 
pleaded no contest to eight counts of aggravated sexual assault, a first degree 
felony punishable by imprisonment for life or “for any term of not more than 
ninety-nine years or less than five years” and up to a $10,000 fine. See 
Tex. Penal Code Ann. § 12.32 
(Vernon 2003), § 22.021 (Vernon Supp. 2004-05). Thus, Appellant faced a 
possible life sentence on each count. Additionally, there is no indication in 
the record that the trial court did not take into consideration the mitigating 
evidence introduced by Appellant. Therefore, based on the record, we hold that 
Appellant’s sentences are not excessive in that they do not exceed the 
statutory limits.
B. Proportionality
        A 
narrow exception to the general rule that a sentence within the statutory limits 
is not excessive, cruel, or unusual is recognized when the sentence is grossly 
disproportionate to the offense. Alvarez, 63 S.W.3d at 580; see Moore 
v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d); see 
also Harmelin v. Michigan, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707 
(1991) (Kennedy, J., concurring); Solem v. Helm, 463 U.S. 277, 290-92, 
103 S. Ct. 3001, 3010-11 (1983); McGruder v. Puckett, 954 F.2d 313, 316 
(5th Cir.), cert. denied, 506 U.S. 849 (1992).
        The 
Supreme Court has identified three criteria to be used to evaluate the 
proportionality of a particular sentence. Alvarez, 63 S.W.3d at 580-81; see 
Solem, 463 U.S. at 292, 103 S. Ct. at 3011. They are (1) the gravity of the 
offense and the harshness of the punishment, (2) the sentences imposed on other 
criminals in the same jurisdiction, and (3) the sentences imposed for the same 
offense in other jurisdictions. Alvarez, 63 S.W.3d at 581. In a 
proportionality analysis, we first make a threshold comparison of the gravity of 
the offense against the severity of the sentence. Id. We judge the 
gravity of the offense in light of the harm caused or threatened to the victim 
or society and the culpability of the offender. Id. Only if we determine 
that the sentence is grossly disproportionate to the offense do we consider the 
remaining Solem factors. Id.
        The 
evidence showed that Appellant committed these offenses by penetrating the 
sexual organ, mouth, and anus of pseudonym 0020 with his sexual organ; causing 
the mouth of pseudonym 0020 to contact his sexual organ; penetrating the sexual 
organ of pseudonym 0020 with his tongue; penetrating the mouth of pseudonym 
0020-A with his sexual organ; causing the mouth of pseudonym 0020-A to contact 
his sexual organ; and causing the sexual organ of pseudonym 0020-A to penetrate 
Appellant’s anus. These acts were done over a span of approximately seven 
years and occurred on a weekly, and sometimes daily, basis. Therefore, given not 
only the nature of these offenses, but also the regularity with which they 
occurred, we conclude that Appellant’s sentences are not grossly 
disproportionate to the offenses. Appellant’s first point is overruled.
Consecutive 
Sentences
        In 
his second point, Appellant argues that the trial court erred in ordering that 
his sentences in counts VI through VIII run consecutively to his sentences in 
counts I through V. Appellant argues that penal code section 3.03(b) allows 
consecutive sentencing of certain offenses only when there is a single victim.
        A 
trial court may consolidate cases for trial when the charged offenses arise out 
of the same criminal episode.[1]  Salazar v. 
State, 127 S.W.3d 355, 363-64 (Tex. App.—Houston [14th Dist.] 2004, pet. 
ref’d); see Tex. Penal Code Ann. 
§ 3.02(a) (Vernon 2003). Ordinarily, when a defendant has been convicted of 
multiple offenses that have been properly joined and prosecuted in a single 
trial, the sentences must run concurrently. Owens v. State, 96 S.W.3d 
668, 671 (Tex. App.—Austin 2003, no pet.); see Tex. Penal Code Ann. § 3.03(a). There 
are, however, statutory exceptions to this rule that allow courts to impose 
consecutive sentences in certain circumstances or for certain offenses. Owens, 
96 S.W.3d at 671; see Tex. Penal 
Code Ann. § 3.03(b). These exceptions were enacted in 1997 when the 
legislature amended section 3.03 of the penal code and were specifically made 
nonretroactive. Owens, 96 S.W.3d at 671; see Act of May 31, 1997, 
75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252-53. The exception 
pertinent to this case allows courts to impose consecutive sentences for certain 
sexual offenses, including aggravated sexual assault of a child. Owens, 
96 S.W.3d at 671; see Tex. Penal 
Code Ann. § 3.03(b)(2)(A). Section 3.03(b)(2) states in relevant part,
   
If the accused is found guilty of more than one offense arising out of the same 
criminal episode, the sentences may run concurrently or consecutively if each 
sentence is for a conviction of:

. 
. . .

(2) 
an offense:

(A) 
under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim 
younger than 17 years of age at the time of the commission of the offense 
regardless of whether the accused is convicted of violations of the same section 
more than once or is convicted of violations of more than one section. . . .
   
Tex. Penal Code Ann. § 3.03(b)(2)(A).
        Appellant 
contends that the language of the statute authorizes consecutive sentencing only 
in offenses against the same victim. Therefore, he argues that because this case 
involved two victims, the statute did not authorize the trial court to order 
Appellant’s sentences to run consecutively.[2]
        This 
issue was recently addressed by one of our sister courts. See Salazar, 
127 S.W.3d at 364-65. In Salazar, the court stated,
  
In construing a statute, we must give effect to the plain meaning of the text 
unless the text is ambiguous or the plain meaning would lead to absurd results. Parfait 
v. State, 120 S.W.3d 348, 349 (Tex. Crim. App. 2003). Once again, section 
3.03(b) provides “[i]f the accused is found guilty of more than one offense 
arising out of the same criminal episode, the sentences may run concurrently or 
consecutively if each sentence is for a conviction of [an offense] under Section 
. . . 22.021 . . . against a victim younger than seventeen years of age. . . . 
“ Tex. Penal Code Ann. § 
3.03(b). Thus, the statute requires that “each sentence” be for an offense 
against “a victim younger than 17 years of age.” There is no language in the 
section supporting appellant's preferred interpretation that all of the 
sentences must be for offenses against the same victim. To the contrary, so long 
as the victim of each of the offenses was under 17, the requirements of the 
statute's plain language are clearly met. Cf. Prudhomme v. State, 47 
S.W.3d 683, 691-92 (Tex. App.—Texarkana 2001, pet. ref'd) (interpreting 
section 3.03(b)(2)(A) as applying when the alleged offenses were against 
multiple complainants); Hill v. State, No. 12-01-00356-CR, 2003 WL 292316 
(Tex. App.—Tyler February 12, 2003, no pet.) (not designated for publication) 
(same). This interpretation is bolstered by the fact that a criminal episode is 
defined in section 3.01 to potentially encompass offenses against more than one 
person. See Tex. Penal Code Ann. 
§ 3.01.
  
Id.
 
 
        We 
agree with the court’s analysis in Salazar. Accordingly, we hold that 
the trial court did not err in ordering consecutive sentences in this instance. 
We overrule Appellant’s second point.
Conclusion
        Having 
overruled Appellant’s points, we affirm the trial court’s judgment.
   
    
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
PUBLISH
 
DELIVERED: 
July 28, 2005


NOTES
1.  
A “criminal episode” is defined as
   
the commission of two or more offenses, regardless of whether the harm is 
directed toward or inflicted upon more than one person or item of property, 
under the following circumstances:

(1) 
the offenses are committed pursuant to the same transaction or pursuant to two 
or more transactions that are connected or constitute a common scheme or plan; 
or

(2) 
the offenses are the repeated commission of the same or similar offenses.
    
Tex. Penal Code Ann. § 3.01.
2.  
Each count of the indictment alleged that the crime occurred “on or about the 
1st day of January, 1998.”  Therefore, the State was permitted to prove a 
date other than the one alleged in the indictment as long as the date was 
anterior to the presentment of the indictment and within the statutory 
limitation period.  See Sledge v. State, 953 S.W.2d 253, 256 (Tex. 
Crim. App. 1997).  However, in order for the trial court to impose 
consecutive sentencing under penal code section 3.03(b), there had to be some 
evidence that Appellant committed the offenses after September 1,1997, the 
effective date of this section.  See Owens, 96 S.W.3d at 672.  
The State offered evidence that the offenses occurred frequently, beginning 
shortly after Appellant and Triplet married in August of 1991 and ending in 
1998. Appellant does not contend that the sexual assaults did not continue after 
September 1, 1997.  Appellant’s sole challenge to the consecutive 
sentencing is that it should not apply in a situation where there is more than 
one victim.