Affirmed and Memorandum Opinion filed July 31, 2007








Affirmed
and Memorandum Opinion filed July 31, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00680-CR 

NO. 14-06-00681-CR

____________

 

KRIS DEON WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause Nos. 1056242
& 1056397

 



 

M E M O R A N D U M   O P I N I O N








Appellant Kris Deon Williams pleaded guilty to two counts
of aggravated robbery.  The trial court assessed punishment at twenty years= confinement for
each conviction, to run concurrently, in the Texas Department of Criminal
Justice, Institutional Division.  Appellant contends he was denied effective
assistance of counsel and therefore entered an involuntary plea.  However,
because he failed to timely file his motion for new trial, he asks that we
abate his appeal and order that he be allowed to file his motion for new trial
out of time.  We deny his motion to abate the appeal as well as his motion to
file an out-of-time motion for new trial.  We also affirm the judgment of the
trial court and overrule appellant=s issue alleging
ineffective assistance of counsel. 

I. Background

On June 16, 2006, appellant pleaded guilty to two counts of
aggravated robbery.  Appellant retained counsel to represent him.  Following
his plea, a pre-sentence investigation report (APSI@) was made and
presented to the trial court.  Appellant also presented the trial court support
letters from family and friends.  On August 4, 2006, the trial court heard
testimony and assessed appellant=s sentence.

During the sentencing hearing, the trial court allowed
appellant and his hired counsel approximately an hour to discuss whether he was
withdrawing his guilty plea.  The trial court was initially concerned because
appellant made a statement, as recorded in the PSI, that he was not guilty. 
Ultimately, appellant determined he would not withdraw his guilty plea.

When the trial court announced it was sentencing appellant
to twenty years= confinement for each conviction, to run
concurrently, appellant=s counsel expressed surprise and had the
following exchange with the trial court:

[Counsel]:    Your Honor?

The Court:    Yes?

[Counsel]:    It was our
understanding that we entered into a plea of five years with the DAs for Mr.
Williams.

The Court:    Excuse me?

[Counsel]:    That=s my understanding.  That=sC

[State]:         No, Your Honor. 
That=s notC

[Counsel]:    It=s written on the folder.

[State]:         I=m sorry?








The Court:    The plea papers say a
PSI agreementCI mean, a PSI without an
agreement.  And I say the same thing on all PSIs.  It could be anywhere from
five years deferred adjudication up to life.  And I say the same thing, ADo you think that there is
anything, any promises that anyone has made?@

If this were a five-year agreement, then it would be saying five years;
and there wouldn=t have been a PSI.

[Counsel]:    Okay.  Thank you.

The Court:    All right.

Counsel, you were hired on the case.  You need to discuss with your
client any request for appeal; and if you are withdrawing, then I need to
appoint someone for purposes of appeal in the case.

[Counsel]:    Yes,
ma=am.

Appellant
did not make any statement on the record concerning what punishment he had
thought the trial court would assess.

II. Analysis

A.      Appellant=s Motions

Appellant claims on appeal that he retained trial counsel because
she assured him that he would receive either probation, or, at the worst, five
years= imprisonment.  As
a result, appellant asserts he pleaded guilty involuntarily and did not receive
effective assistance of counsel.  Yet appellant=s appellate
counsel did not timely file a motion for new trial and, therefore, there was no
hearing to flesh out appellant=s accusations.  Therefore, appellant asks
us to grant his motions to abate this appeal and order that he be allowed to
file an out-of-time motion for new trial.








There is precedent to support this request in the context
of a claim of ineffective assistance of counsel causing an involuntary guilty
plea.[1] 
See Prudhomme v. State, 47 S.W.3d 683, 687 (Tex. App.CTexarkana 2001,
pet. ref=d) (referencing
prior order in case); Massingill v. State, 8 S.W.3d 733, 738 (Tex. App.CAustin 1999, no
pet.).  However, that remedy was allowed in those cases because those
appellants were denied counsel during a critical stage of trial[2]Cduring the time
available to file a motion for new trial.  See Prudhomme, 47 S.W.3d at
687; Massingill, 8 S.W.3d at 737B38.  Unlike these
cases, the trial court appointed appellant=s counsel during
the time period to file a motion for new trial.  Appellant=s complaint on
appeal is that counsel did not file the motion because she was waiting for
affidavits.  Regardless of the reasons for the failure to timely file, this
case does not present a factual scenario appropriate for granting the relief
appellant seeks.  Appellant was represented by counsel during the time period when
he could have filed a motion for new trial.  Therefore, we deny his motions to
abate and allow him to file an out-of-time motion for new trial.

B.      Ineffective
Assistance of Counsel








Appellant=s other issue is his claim that his guilty
plea was involuntary and was the result of ineffective assistance of counsel. 
Appellant alleges that his counsel incorrectly told him that he would receive
either probation or no more than five years= imprisonment,
causing him to plead guilty when he otherwise would not have.  When a party
challenges the voluntariness of a plea entered upon the advice of counsel
contending that his counsel was ineffective, the voluntariness of the plea
depends on (1) whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases and if not, (2) whether
there is a reasonable probability that but for counsel=s errors, he would
not have pleaded guilty and would have insisted on going to trial.  Ex Parte
Moody, 991 S.W.2d 856, 857B58 (Tex. Crim. App. 1999).  There is a
strong presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Salinas v. State, 163 S.W.3d 734,
740 (Tex. Crim. App. 2005).  To defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  When no specific
reason is given for counsel=s decisions, a record on direct appeal
will rarely contain sufficient information to evaluate an ineffective
assistance claim.  See Bone v. State, 77 S.W.3d 828, 830, 833 (Tex.
Crim. App. 2002); Thompson, 9 S.W.3d at 813B14.

In the case before us, the record is simply bare concerning
exactly what trial counsel promised, why she did so, and whether that had any
effect on appellant.[3]
 We have only appellant=s trial counsel=s view of the
situation as expressed at sentencing, and that is insufficient to meet
appellant=s burden of showing he received incompetent advice
that caused him to plead guilty.  See Moody, 991 S.W.2d at 857B58.  On the record
before us, there is nothing to substantiate appellant=s claims, and we
therefore overrule appellant=s issue.

 

 

 








Having denied appellant=s motions and
overruled his claim of ineffective assistance of counsel, we affirm the trial
court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 31, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47









[1]  Appellant states that we could issue orders on his
request pursuant to Texas Rule of Appellate Procedure 2, which allows us to
suspend the appellate rules in some circumstances.  We could not utilize that
rule even if the situation were appropriate for the relief appellant seeks.  See
Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998) (rejecting the
use of Rule 2 to abate appeal and allow out-of-time motion for new trial).





[2]  Although the Court of Criminal Appeals has not yet determined whether
the time period for filing a motion for new trial is a critical stage, this
court has determined it is a critical stage, thus giving rise to the right to
counsel.  See Nguyen v. State, No. 14-06-00043-CR, __ S.W.3d __, 2007 WL
608996, at *1 (Tex. App.CHouston [14th Dist.] Mar. 1, 2007,
no pet. h.).





[3]  After the clerk=s
record was prepared in this case, appellant filed a motion to supplement the
record with two affidavits supporting his ineffective assistance claim, which
he had filed with the trial court after the trial court entered judgment.  The
State filed a motion to strike these affidavits, arguing that we should not
consider them because they were never presented to the trial court and thus not
properly part of the appellate record.  We agree.  See Solomon v. State,
49 S.W.3d 356, 365 (Tex. Crim. App. 2001); Berry v. State, 995 S.W.2d
699, 702 n.5 (Tex. Crim. App. 1999).  Therefore, we grant the State=s motion to strike and do not consider appellant=s affidavits in resolving this appeal.