Opinion issued February 5, 2009


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00344-CR

NO. 01-07-00345-CR

NO. 01-07-00346-CR

NO. 01-07-00347-CR






JAMES CORNELIUS SQUARE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court 

Harris County, Texas

Trial Court Cause Nos. 1063816, 1063817, 1063818, 1063819









MEMORANDUM OPINION

 Appellant, James Cornelius Square, pleaded guilty to four offenses of
intoxicated manslaughter. (1) Following a pre-sentence investigation (PSI) hearing, the
trial court assessed punishment at confinement for 20 years in each case, with the
sentences to run consecutively. In four points of error, appellant argues that (1) he
was denied effective assistance of counsel; (2) his consecutive sentences constitute
cruel and unusual punishment; and (3) he should be granted a new trial because a
necessary portion of the record is missing. 

 We affirm. 

Background


 Appellant was charged with four separate offenses of intoxicated manslaughter,
trial court cause numbers 1063816, (2) 1063817, (3) 1063818, (4) and 1063819. (5) All four
indictments accused appellant of operating a motor vehicle in a public place on April
1, 2006 while intoxicated, namely having a blood alcohol concentration of at least
0.08 and, by reason of that intoxication, causing the death of eight-year-old Devonte
McKnight, nine-year-old Desha Washington, 24-year-old Donald Ray Andrews, Jr.,
and 51-year-old Vernell Cooper by driving his motor vehicle and causing it to collide
with a motor vehicle occupied by the decedents. 

 On May 19, 2006, appellant hired James M. Sims as his counsel. On January
12, 2007, appellant entered a plea of guilty in each case without a plea bargain. In
each case, appellant signed a sworn "Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession" that, among other things, waived a trial by jury
and included the statement, "I intend to enter a plea of guilty [to the allegations] and
the prosecutor will recommend that my punishment should be set at [a] pre-sentence
investigation hearing." Appellant also initialed the applicable admonishments
acknowledging in each case that, if convicted of a second-degree felony, he faced a
term of two to 20 years in prison and a fine not to exceed $10,000. Finally, appellant
initialed his understanding of the consequences of his plea and his acknowledgment
that he had fully consulted with his attorney, that he understood the admonishments,
and that he was "totally satisfied with the representation provided by [his] counsel
and [that he had] received effective and competent representation." 

 The PSI sentencing hearing was scheduled for March 6, 2007, but it was
subsequently reset to March 9, 2007, and then finally to April 11, 2007. On March
9, prior to the PSI hearing, the State filed a motion to cumulate appellant's sentences. 
 On April 11, 2007, at the commencement of the PSI hearing, the trial court first
addressed the State's motion to cumulate appellant's sentences. The trial court asked
whether Sims had seen the motion. Sims responded that he had, but that he had
received the notice not more than 10 days earlier. The record reflects that a
discussion transpired that was not recorded by the court reporter.

 The trial court then questioned appellant to verify his waiver of trial by jury
and his plea:

[Court]: Good morning, sir. You are James Cornelius
Square, are you not?


[Appellant]: Yes, ma'am.


[Court]: And, Mr. Square, you have been charged, sir, under
these four cause numbers with intoxication
manslaughter. You filed with the Court in each of
these cases a waiver of trial by jury. Did you
understand that?


[Appellant]: Yes, ma'am.


[Court]: And do you know what a jury trial is?


[Appellant]: Yes, ma'am.


[Court]: And do you want to give up that right, sir, in each of
these four cases?


[Appellant]: Yes, ma'am.


[Court]: And being charged, sir, with intoxication
manslaughter under each of these four cases, how do
you plead?


[Appellant]: Guilty.


[Court]: Did you know at the time that you were pleading
guilty that under each of these four cases you could
be sentenced to not less than two and not more than
20 years in Institutional Division and you could be
fined up to $10,000?


[Appellant]: Yes, ma'am.


[Court]: Are you in good mental health, sir?


[Appellant]: Yes, ma'am.


 The trial court then allowed the State to proceed with the hearing, at which time
it offered State's Exhibit No. 1, appellant's previous robbery conviction, for which
appellant served six years. Appellant had no objection to the exhibit, and the trial
court admitted it into evidence. Next, the State examined Stephanie Norris, who
testified that she and her small child were passengers in appellant's vehicle and that
her small child suffered a brain injury as a result of the accident. Sims conducted no
cross-examination of this witness. The State questioned Joseph Carrizales, who was
driving the vehicle that hit appellant's vehicle. Carrizales stated that when he
watched the TV the day after the accident, the media incorrectly made the story seem
like the accident was his fault. Carrizales was not issued a ticket for the accident. 
Sims did not cross-examine Carrizales. The State then rested. Sims rested without
calling any witnesses or offering any evidence. 

 At closing arguments, Sims requested the minimum sentence from the trial
court. Sims addressed the State's motion to cumulate the sentences, arguing that the
motion was not communicated to him at the plea. Sims asked the trial court not to
cumulate the sentences because the State's motion to cumulate violated the spirit of
the law in that appellant was induced to plead guilty. Sims argued that he explained
appellant's options at the plea discussion based on the fact that appellant already had
a prior conviction and that the State was not alleging a deadly weapon. However, the
record is silent as to whether or not Sims explained the possibility of cumulative
sentences to appellant.

 At sentencing, the trial court expressed concern about cumulating the sentences
if that "wasn't on the table [during the plea discussions]." Nevertheless, after
considering four deceased individuals and other injured persons in the accident, the
trial court granted the State's motion to cumulate. On April 12, 2007, appellant filed
a pro se motion for new trial alleging ineffective assistance of counsel, which the trial
court denied. Appellant never requested a hearing on his motion so that he could
develop a record. 

Ineffective Assistance of Counsel

 In his first and second points of error, appellant claims he was denied effective
assistance of counsel. First, appellant contends that he received ineffective assistance
of counsel with regard to his guilty plea because Sims failed to advise him of the
consequences of the plea as it related to the possibility of the State's motion to
cumulate sentences. Consequently, appellant contends that his guilty plea was
unknowing and involuntary. Second, appellant contends that he received ineffective
assistance of counsel at the PSI hearing because Sims failed to adequately explain the
law regarding the consequences of the State's motion to cumulate, failed to properly
object to the State's motion to cumulate sentences, and failed to object to cruel and
unusual punishment, in violation of the Eighth Amendment. Appellant contends that,
had Sims performed adequately, the result might have been different.

Standard of Review

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Texas adopted the Strickland standard in Hernandez v. State, 726
S.W.2d 53 (Tex. Crim. App. 1986). In order to show ineffective assistance of counsel
under the Strickland standard, appellant must demonstrate that (1) counsel's
representation fell below an objective standard of reasonableness based on prevailing
professional norms and (2) but for counsel's errors, there was a reasonable probability
the result of the preceding would have been different. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. A "reasonable probability" is defined as "a probability sufficient
to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at
2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

 The Strickland standard applies to both the punishment phase and the guilt-innocence phase of criminal proceedings. Hernandez v. State, 988 S.W.2d 770, 772
(Tex. Crim. App. 1999). Additionally, the Strickland test applies to cases involving
guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985); Ex parte
Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987). Applying the Strickland
standard to an attack on a guilty plea as the result of ineffective assistance of counsel,
appellant must show that his attorney's alleged deficiencies rendered the guilty plea
unknowing and involuntary. Rodriguez v. State, 899 S.W.2d 658, 666 (Tex. Crim.
App. 1995). 

 The appellant bears the burden of proof on a claim of ineffective assistance of
counsel, and the claim must be established by a preponderance of the evidence. 
Thompson, 9 S.W.3d at 813; Jackson, 973 S.W.2d at 956. A "defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy." Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). Moreover, assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002); Gamble, 916 S.W.2d at 93. Ordinarily, the record
on direct appeal is not sufficient to show prejudice or that counsel's representation
was so deficient and so lacking in tactical or strategic decision-making as to
overcome the presumption that counsel's conduct was reasonable and professional. 
Bone, 77 S.W.3d at 833. The record is best developed for these claims by an
application for a writ of habeas corpus or by developing facts and details with a
thorough and detailed examination of the alleged ineffectiveness. See Jackson, 973
S.W.2d at 957.

 The constitutional right to counsel does not mean the right to errorless counsel. 
Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Thus, in determining
whether counsel was ineffective, a reviewing court must look to the "totality of the
representation and the particular circumstances of each case. . . ." Thompson, 9
S.W.3d at 813.

Ineffective Assistance of Counsel During Guilty Plea

 Appellant argues that he received ineffective assistance of counsel because his
trial counsel failed to advise him of the consequences of the State's motion to
cumulate his sentences. Appellant argues that, although he was admonished on the
range of punishment for each case, he was not admonished concerning the possibility
of cumulative, or stacked sentences, which resulted in his current sentence, which is
cumulatively an 80-year sentence.

 The record reflects that appellant pleaded guilty on January 12, 2007. In doing
so, appellant agreed that he understood the range of punishment for each case, that
he had fully consulted with his attorney, that he understood the admonishments, and
that he was "totally satisfied with the representation provided by [his] counsel and
[he] received effective and competent representation." The record further reflects that
the State asked for the sentences to be cumulated on March 9, 2007. At the PSI
hearing conducted on April 11, 2007, Sims stated that he was not aware of the State's
motion to cumulate until 10 days prior to the hearing, and that the State's motion was
not communicated to him during the plea discussion. Sims further acknowledged
during the PSI hearing that he thought the State had a right to make such a motion. 

 Appellant has the burden to demonstrate on the record that his trial counsel
rendered deficient performance. The record does not affirmatively show whether, at
the time appellant pleaded guilty, appellant's trial attorney discussed with him the
State's right to seek a cumulative sentence. Moreover, the record does not
affirmatively show whether, at the time of the sentencing hearing, which occurred
after the State formally notified appellant's trial attorney of its decision to seek
cumulative sentences, appellant's attorney discussed the motion with him. Appellant
did not obtain a hearing on his motion for new trial, and no direct evidence in the
record establishes that appellant's trial counsel inadequately informed appellant
regarding the possibility of stacked sentences. In light of a limited record on appeal,
we conclude that appellant has not shown that his trial counsel acted deficiently.

Ineffective Assistance of Counsel During the PSI Hearing

 Appellant next argues that he received ineffective assistance of counsel at the
PSI hearing because Sims failed to object to the State's motion to cumulate sentences
and failed to object to cruel and unusual punishment. 

 Generally, to show ineffective assistance of counsel for the failure to object
during trial, the applicant must show that the trial court would have committed error
in overruling the objection. Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App.
2004). The Texas Code of Criminal Procedure vests the trial court with discretion to
order consecutive sentencing in this instance. Tex. Code Crim Proc. Ann. art.
42.08(a). Moreover, the trial court could have cumulated appellant's sentences
without a motion from the State. See Prudhomme v. State, 47 S.W.3d 683, 691-92
(Tex. App.--Texarkana 2001, pet. ref'd). Appellant has not shown that the trial court
would have erred in overruling appellant's objection to the State's motion to
cumulate. 

 Appellant next contends that he received ineffective assistance of counsel
because Sims failed to object to the cumulative sentencing as cruel and unusual
punishment, thereby waiving such argument on appeal. "Before this court may
conclude that trial counsel was ineffective for failing to object to appellant's
sentences, appellant must show that if he had objected, the trial court would have
erred in overruling the objection." Jacoby v. State, 227 S.W.3d 128, 131 (Tex.
App.--Houston [1st Dist.] 2007, pet. ref'd).

 Appellant was convicted of four counts of intoxication manslaughter, a second
degree felony. Tex. Penal Code Ann. § 49.08 (Vernon Supp. 2008). A second
degree felony carries a range of punishment from two to 20 years in prison. Id.
§ 12.33 (Vernon Supp. 2008). Texas Penal Code section 3.03 permits multiple
offenses of intoxication manslaughter arising out of the same criminal episode, as in
this case, to run consecutively. Id. § 3.03 (Vernon Supp. 2008). Thus, the trial court
would not have erred by overruling an objection on cruel and unusual punishment
grounds. See id. 

 We conclude, as to appellant's argument that he received ineffective assistance
of counsel at the PSI hearing, that appellant has not overcome the presumption that
counsel's conduct was effective and part of sound trial strategy. Gamble, 916 S.W.2d
at 93.

 We overrule appellant's first and second points of error. 

Consecutive Sentences


 In his third point of error, appellant asserts that his consecutive sentences
constitute cruel and unusual punishment in violation of the Eighth Amendment of the
United States Constitution. (6) Specifically, appellant argues that his consecutive
sentences are grossly disproportionate to the crimes when compared to the gravity of
the offense. A review of the record shows that appellant made no objection to the
length of the sentences, the "stacking" of the sentences at the PSI hearing, or any
formal objection to the sentencing. In appellant's pro se motion for new trial,
appellant did not argue cruel and unusual punishment. Rather, appellant stated that
his sentences constituted a "fundamental miscarriage of justice." Failure to object
that punishment is cruel and unusual or that a sentence is grossly disproportionate,
waives error on appeal. Trevino v. State, 174 S.W.3d 925, 928-29 (Tex.
App.--Corpus Christi 2005, pet. ref'd); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). The purpose of the rule is to allow
opposing counsel to remove the objection or the trial court to cure any harm. Solis,
945 S.W.2d at 301. Because appellant did not properly object to what he alleges is
cruel and unusual punishment at the PSI hearing or in his motion for new trial, the
argument is waived on appeal. Tex. R. App. P. 33.1; Hollin v. State, 227 S.W.3d 117,
122 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd); Quintana v. State, 777 S.W.2d
474, 479 (Tex. App.--Corpus Christi 1989, pet. ref'd).

 We overrule appellant's third point of error.

Missing Portion of Appellate Record

 In his fourth point of error, appellant argues that he is entitled to a new trial
according to Texas Rules of Appellate Procedure 34.6(f)(3) (7) because a portion of the
appellate record necessary for the appeal's resolution is missing. Specifically,
appellant complains that the PSI report is missing from the appellate record. 

 A motion to amend the record was filed on September 10, 2007. On December
10, 2007, a supplemental clerk's record, in each of the four causes, was filed with the
Clerk of this Court. In addition, on January 16, 2008, this Court granted appellant's
motion to supplement the record with the PSI report. The appellate record now
contains the missing PSI report, which renders appellant's fourth point of error moot.

 Even if the appellate record did not contain the PSI report, appellant has not
shown that the PSI report is necessary to the appeal's resolution. See Tex. R. App.
P. 34.6(f)(3). Appellant states only that "the Pre-Sentence Investigation Report is
necessary to the resolution of the case." Accordingly, we conclude that appellant has
not shown that he is entitled to a new trial. 

 We overrule appellant's fourth point of error.

Conclusion

 We affirm the judgments of the trial court.


 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).
1. See Tex. Penal Code Ann. § 49.08 (Vernon Supp. 2008).
2. Appellate cause number 01-07-00347-CR.
3. Appellate cause number 01-07-00345-CR.
4. Appellate cause number 01-07-00346-CR.
5. Appellate cause number 01-07-00344-CR.
6. U.S. Const. amend. VIII.
7. Rule 34.6(f)(3) provides, among other requirements that an appellant is entitled to a
new trial if "the lost, destroyed, or inaudible portion of the reporter's record, or the
lost or destroyed exhibit, is necessary to the appeal's resolution . . . ." Tex. R. App.
34.6(f)(3).